BERANEK, Judge.
The petitioner was the employer of the respondent in this unemployment compensation contest. Respondent was discharged and filed a claim for benefits under the Florida Unemployment Compensation Law. Petitioner responded to the claim by asserting that respondent had been discharged for misconduct on the job. A fact finding report was prepared by a claims interviewer. A claims examiner determined that re *64 spondent’s conduct had constituted misconduct connected with his work and that respondent was therefore disqualified from receiving benefits. A notice of appeal was filed and a hearing occurred before the Appeals Referee. The Appeals Referee took testimony and determined that respondent was discharged for misconduct connected with his employment and was thus disqualified from receiving benefits. The employee/respondent filed an appeal with the Industrial Relations Commission which by its order of March 28, 1977, reversed the decisions below. The reason stated in the order of the Industrial Relations Commission was that all of the evidence supporting the holding of misconduct was hearsay.
The matter is now before us on petition for writ of certiorari filed by the petitioner/employer. We note initially that the rules of procedure for hearings before Appeals Referees forbid basing of a finding solely upon hearsay. Florida Administrative Code Rule 8B-5.11(3)(c). The standard for review on this petition for certiorari is whether there was substantial competent evidence to support the factual findings of the Appeals Referee. If such evidence exists, then the findings of the Referee must be upheld. See, Bagwell Lumber Co. v. Florida Department of Commerce, Division of Employment Security, 353 So.2d 1261 (Fla.2d DCA 1978).
In the instant situation we find adequate, substantial, competent evidence to support the findings of the Appellate Referee and the order of the Industrial Relations Commission must, therefore, be quashed.
Adequate non-hearsay evidence was present from which the Appeals Referee could have found that respondent was guilty of misconduct. The issue below was whether respondent had properly delivered and picked up gas cylinders. Numerous customers complained and hearsay testimony was admitted concerning these complaints. In addition, respondent himself testified about his activities, and the manager of the petitioner’s operations testified that he personally viewed empty gas cylinders which had not been picked up in accordance with direct instructions he gave to respondent.
Under all of these circumstances, the order of the Appeals Referee should not have been disturbed.
The writ of certiorari is granted and the decision of the Industrial Relations Commission is quashed and the decision of the Appeals Referee reinstated.
MOORE, J., concurs.
DOWNEY, C. J., dissents with opinion.