421 So.2d 1107 (1982)
FLAGLER COUNTY SHERIFF'S DEPARTMENT, Appellant,
v.
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Unemployment Appeals Commission, and Kathi Lee Parrish, Appellees.
No. 81-1626.
District Court of Appeal of Florida, Fifth District.
November 17, 1982.
Stephen P. Sapienza, Palm Coast, for appellant.
James R. Parks and Donna Erlich, Tallahassee, for appellee Unemployment Appeals Com'n.
No Appearance for appellee Parrish.
COBB, Judge.
This is an appeal by the employer, Flagler County Sheriff's Office, from an adverse decision of the Unemployment Appeals Commission on a claim for benefits by Kathi Lee Parrish. The Commission reversed the decision of the referee, who had affirmed the determination of the claims examiner that the claimant was disqualified from benefits because of having voluntarily left her employment without good cause attributable to the employer. See § 443.101(1), Fla. Stat. (1981).
On December 9, 1980, Parrish, because of pregnancy, requested a medical leave of absence from the outgoing sheriff of Flagler County. The leave was to commence *1108 on January 5, 1981 (the last day in office of the defeated administration), and continue until May, 1981. This request, as well as its approval, was oral and unknown to the incoming sheriff, who took office on January 6, 1981. Parrish had ample opportunity to advise the incoming sheriff of her request and proposed absence, but failed to do so. She also knew of the hostility and lack of communication between the outgoing and incoming administrations. Claimant's husband, a deputy sheriff, was not reappointed by the new sheriff. He accepted a new job in an adjacent county, and he and claimant relocated there. The job held by Parrish was being paid out of a private grant and not from regular county funds, hence a leave of absence was not in order, as it was required that the job be kept filled. Moreover, the grant money expired in April, 1981.
The new sheriff directed the claimant's supervisor to write a letter to claimant on January 22, 1981, informing her of the expiration date of the grant in April and that it was assumed, in view of her relocation to another county, that she was not planning to return to her job. In February, there was a chance encounter between claimant and her supervisor, and from the "joking" conversation between them, claimant testified that she "could only assume that he (the supervisor) took it all as a light matter and knew that I intended to return." She felt that she had "indicated" to him that she planned to return to her job, but she did not reply to the January 22nd letter. She also failed to respond to a subsequent letter dated March 9, 1981, whereby the new sheriff again informed her that the grant expired in April, and that she was being replaced in order to continue the grant.
The referee's factual determination that the claimant had voluntarily left her employment and had effectively abandoned her position is amply supported by competent evidence. Therefore, the Commission cannot substitute its findings of fact for those of the referee. David Clark & Assoc., Inc. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980); Perez v. State Dept. of Labor & Employment Security, Appeals Commission, 377 So.2d 806 (Fla. 3d DCA 1979).
Accordingly, we reverse the decision of the Unemployment Appeals Commission.
REVERSED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.