429 So.2d 91 (1983)
Frankie M. GLOVER, Appellant,
v.
SANFORD CHILD CARE, INC., and Department of Labor and Employment Security, State of Florida, Unemployment Appeals Commission, Appellees.
No. 82-1044.
District Court of Appeal of Florida, Fifth District.
April 6, 1983.
Treena A. Kaye of Central Fla. Legal Services, Inc., Sanford, for appellant.
Thomas E. Whigham of Stenstrom, McIntosh, Julian, Colbert & Whigham, P.A., Sanford, for appellees.
COBB, Judge.
Frankie Glover appeals from an order of the Unemployment Appeals Commission reversing the referee's decision. We vacate the order because the Commission has substituted its findings of fact for those of the appeals referee, in violation of section 120.57(1)(b)9, Florida Statutes (1981).[1]
After being discharged from employment at the Sanford Early Childhood Center, Glover sought unemployment compensation benefits. The claims adjudicator allowed her claim, notwithstanding the employer's allegation that Glover was fired because she spanked two children, contrary to the Center's regulations against corporal punishment. Thereafter, the employer brought the matter before an appeals referee. At the hearing, witnesses for the employer testified that they observed Glover spanking the children. Glover denied doing so. The referee concluded that she had not spanked the children, and therefore was not discharged for "misconduct connected with *92 work." However, the Commission reversed, stating that the referee's decision was not supported by competent, substantial evidence.
The propriety of an agency substituting its factual findings for those of a hearing officer was discussed in McDonald v. Dept. of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977), wherein the court stated:
In determining whether substantial evidence supports the agency's substituted findings of fact, a reviewing court will naturally accord greater probative force to the hearing officer's contrary findings when the question is simply the weight or credibility of testimony by witnesses, or when the factual issues are otherwise susceptible of ordinary methods of proof, or when concerning those facts the agency may not rightfully claim special insight.
McDonald, 346 So.2d at 579. See also: Brevard County Sheriff's Dept. v. Fla. Commission on Human Relations, 429 So.2d 1235 (Fla. 5th DCA 1983); Flagler County Sheriff's Dept. v. Florida Dept. of Labor and Employment Security, 421 So.2d 1107 (Fla. 5th DCA 1982); City of Umatilla v. Public Employers Relations Commission, 422 So.2d 905 (Fla. 5th DCA 1982).
In the instant case, the parties presented conflicting testimony on a factual matter over which the Commission cannot claim expertise. The only issue is one of credibility, an area preserved for the fact finder, here, the referee. He believed Glover, and the Commission cannot say that his findings are not supported by competent, substantial evidence.
Accordingly, we vacate the Commission's order.
VACATED and REMANDED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Section 120.57(1)(b)9, Florida Statutes, provides in pertinent part:

The agency may adopt the recommended order as the agency's final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.