474 So.2d 909 (1985)
Beverly M. VERNER, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION, and Pinellas Park News, Inc., Appellees.
No. 84-2795.
District Court of Appeal of Florida, Second District.
August 30, 1985.
*910 Lydia S. Castle and John P. Cunningham of Gulfcoast Legal Services, Inc., St. Petersburg, for appellant.
Geri Atkinson-Hazelton, Tallahassee, for appellee Unemployment Appeals Comn.
SCHEB, Judge.
An unemployment compensation appeals referee held that appellant, Beverly M. Verner, did not voluntarily leave her position at Pinellas Park News, Inc., but was discharged. Upon review, the Unemployment Appeals Commission (UAC) reversed, holding that Ms. Verner voluntarily left her employment without good cause. Thus, the UAC determined that Ms. Verner was disqualified from receiving unemployment compensation benefits under section 443.151(4)(e), Florida Statutes (1983). Ms. Verner appeals the UAC decision. We reverse.
On July 23, 1984, Ms. Verner became ill and went home from work at midmorning. She advised her employer's circulation manager of her illness and asked him to tell her immediate supervisor. The following day Ms. Verner, who still did not feel well, remained home. She asked her mother to call and so advise her employer. That same day, Ms. Verner wrote a letter to her supervisor, Mr. Bailey, publisher of the Pinellas Park News. In the letter she outlined what she perceived to be problems in the office. Her letter noted:
I am reluctant to resign a position I have worked hard for the past year... . I am not complaining about working conditions during the past year ... I made a decision, I would handle it to the best of my ability.
Upon receiving the letter, Mr. Bailey replied by letter, dated July 25, and "accepted her resignation as final... ." On July 26, Ms. Verner responded in writing to inform Mr. Bailey that he had misunderstood her letter of July 24, wherein she did not intend to resign. That same day, she applied for unemployment compensation benefits. When her application was denied by a claims examiner, Ms. Verner sought a hearing before an appeals referee.
The evidence before the appeals referee at the September 11 hearing included the letters mentioned as well as other correspondence between Ms. Verner and Mr. Bailey regarding Ms. Verner's dissatisfaction at work. The referee also heard testimony from Ms. Verner, her mother, Mr. Bailey, and his circulation manager. Ms. Verner stated that her absence two days before her separation from work was strictly due to illness. Both she and her mother testified that her employer had been notified of the reason for her absence.
Mr. Bailey explained that Ms. Verner had voluntarily resigned on two previous occasions. She was rehired by the newspaper each time; however, Mr. Bailey stated that Ms. Verner continued to complain about coworkers and the duties of her position.
After the hearing the appeals referee entered a four-page decision revising the determination of the claims examiner. Specifically, the referee found that "the claimant did not voluntarily leave this employment, but was discharged." He ruled that, although the letter submitted by Ms. Verner was considered by Mr. Bailey to be a letter of resignation, such was not "a necessarily valid conclusion." The referee noted that none of Ms. Verner's acts in remaining off the job constituted abandonment. The difficulties experienced by her, he observed, did not constitute misconduct connected with her employment.
On appeal by the newspaper, the UAC found that the referee's conclusion was not based on the evidence. It, therefore, reversed the decision of the appeals referee on the ground that Ms. Verner "voluntarily left her employment because she was dissatisfied with the conditions at work."
*911 Here, the question before the referee was whether Ms. Verner voluntarily resigned her position at the newspaper. Section 443.101(1), Florida Statutes (1983), disqualifies claimants from receiving unemployment benefits for voluntarily leaving their employment without good cause attributable to the employer.
The UAC urges that the referee's conclusion that Ms. Verner did not voluntarily resign her position was erroneous as a matter of law. It contends that, since a determination as to the legal effect of the evidence is a matter of interpretation and judgment within the province of the reviewing agency, its reversal of the appeals referee's decision was proper. Microfile v. Williams, 425 So.2d 1218 (Fla. 2d DCA 1983).
We disagree. Case law suggests that questions of whether an unemployment benefits claimant left voluntarily are essentially questions of fact. See Flagler County Sheriff's Department v. Department of Labor and Employment Security, 421 So.2d 1107 (Fla. 5th DCA 1982); David Clark & Associates, Inc. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980).
The UAC may modify or reverse the findings and conclusions of the appeals referee under section 443.151(4)(c), Florida Statutes (1983), only where the referee's findings and conclusions are not based on substantial, competent evidence. C.F. Chemicals, Inc. v. Department of Labor and Employment Security, 400 So.2d 846 (Fla. 2d DCA 1981); Department of Commerce v. Dietz, 349 So.2d 1226 (Fla. 2d DCA 1977). We find that the referee's determination is supported by substantial, competent evidence. Therefore, it was improper for the UAC to reweigh the evidence and substitute its findings for those of the referee. Flagler County Sheriff's Department; Debus v. Hendry Correctional Institution, 406 So.2d 1270 (Fla. 2d DCA 1981); Bagwell Lumber Co. v. Department of Commerce, 353 So.2d 1261 (Fla. 2d DCA 1978).
Accordingly, we reverse the decision of the UAC and reinstate the decision of the appeals referee.
RYDER, C.J., and HALL, J., concur.