478 So.2d 880 (1985)
LAKE COUNTY SHERIFF'S DEPARTMENT, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, and Shirley A. Dempsey, Appellees.
No. 85-325.
District Court of Appeal of Florida, Fifth District.
November 21, 1985.
Keith C. Tischler, of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellant.
Judy L. Harrelson, Tallahassee, for appellee, Unemployment Appeals Com'n.
No appearance for appellee, Shirley A. Dempsey.
ORFINGER, Judge.
This is an appeal by the employer from an order of the Unemployment Appeals Commission (UAC) reversing a finding by the appeals referee that the employee, Shirley A. Dempsey was discharged for misconduct[1] connected with her work and was therefore not entitled to benefits. § 443.101(a), Fla. Stat. (1983). Because the findings of the appeals referee are supported by competent, substantial evidence, we reverse the order of the UAC.
Dempsey was a correctional officer employed at the Lake County Sheriff's office. It is undisputed that on the morning of September 12, 1984 after she reported for work, she took an overdose of six tranquilizers which left her so disoriented that she was incoherent and completely unable to function. What is disputed is whether she wrongfully took the pills from an inmate she had booked into the jail that morning. She contended that the pills she took were her own prescription medication. The appeals referee heard testimony from the *881 claimant and from employees of the sheriff's office and considered various incident reports of record in the sheriff's office. From this evidence, the referee concluded:
The law provides that "misconduct connected with work" means an intentional act or course of conduct by the worker in violation of his duties and obligations to the employer.
The record and evidence in this case show that the claimant was discharged for taking an overdose of drugs while on duty and for suspicion of theft of medication. Contributing to the decision to discharge was the fact that she was the suspect in prior incidents. At the hearing, the claimant denied the theft and stated she had taken six of her own tranquilizers because she had been upset that morning. Based on all the facts, it can only be concluded that the claimant did take the inmate's medication and did overdose. In arriving at the decision, it is recognized that a certain amount of hearsay and circumstantial evidence was used to reenforce [sic] the conclusion. However, the claimant did admit that her husband normally controlled her medication intake. However, the deciding factor was the fact that the claimant overdosed on the job whether it had been with her own medication or that that had been stolen. Therefore, it can only be concluded that the claimant was discharged for misconduct connected with work.
The UAC reversed the referee on the asserted basis that any finding that Dempsey stole the pills from an inmate was based on "circumstantial hearsay evidence" which would not support that finding, and that if Dempsey overdosed with her own medication it was only an indication of poor judgment and not misconduct.
Circumstantial evidence is not hearsay. The former is proof of certain facts and circumstances from which the trier of fact may infer that the ultimate facts in dispute existed or did not exist. Davis v. State, 90 So.2d 629 (Fla. 1956). Hearsay, on the other hand, is defined by section 90.801(c), Florida Statutes (1983) as:
[A] statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
With respect to formal administrative hearings, section 120.58(1)(a), Florida Statutes (1983) provides:
Irrelevant, immaterial, or unduly repetitious evidence shall be excluded, but all other evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the courts of Florida. Any part of the evidence may be received in written form, and all testimony of parties and witnesses shall be made under oath. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions. This paragraph applies only to proceedings under s. 120.57. [Emphasis added].
At the hearing before the referee there was evidence presented that Dempsey had booked the prisoner; that she was the only officer who handled his belongings; that a pill of the same kind and shape (five sided) was found on the floor near the booking desk and that the inmate complained after his release that a large number of his pills were missing. True, some of this evidence was hearsay, but the hearsay evidence was admitted for the purpose of supplementing other direct and circumstantial evidence. Taken together, the evidence was sufficient to support the referee's conclusion that Dempsey had taken the pills from the prisoner. In addition, the fact that she intentionally took the medication in such a large quantity (even if it was her own) within a few hours after reporting to work supports the conclusion that she was guilty of misconduct on the job.
While the UAC has the authority, pursuant to section 443.151(4)(c), Florida Statutes *882 (1983) to reverse the findings and conclusions of the appeals referee, it can only do so where there is no substantial, competent evidence to support the referee's findings. Forkey & Kirsch, P.A. v. Unemployment Appeals Commission, 407 So.2d 319 (Fla. 4th DCA 1981). The UAC cannot reweigh the evidence or substitute its own factual determinations when the hearing officer's findings are supported by competent, substantial evidence. Glover v. Sanford Child Care, Inc., 429 So.2d 91 (Fla. 5th DCA 1983). See also Palm Coast Oxygen v. Pelkey, 364 So.2d 63 (Fla. 4th DCA 1978). We find that the UAC did substitute its own findings of fact for those of the appeals referee whose findings were supported by competent, substantial evidence, and that in doing so it erred.
The order of the UAC is reversed and the cause is remanded with directions to enter an order based on the findings and conclusions of the appeals referee that the claimant is not entitled to benefits.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] Section 443.036(24), Florida Statutes (1983) defines misconduct as:

(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.