COWART, Judge.
Appellant, as employer, terminated the employment of a certain employee. An initial administrative decision was made by a claims examiner that the employee was entitled to unemployment compensation benefits under Chapter 443, Florida Statutes. Following an evidentiary hearing, an appeals referee determined that the employee had been discharged for misconduct connected with his work and was therefore not entitled to employment compensation benefits chargeable to the employer’s experience rating account. The Unemployment Appeals Commission (UAC) reversed the appeals referee and the employer appeals.
We have reviewed the evidence before the appeals referee and, without detailing it, we find it sufficient to support the appeals referee’s factual findings (1) that because of problems the employee created, he was unacceptable to schools to which the employer assigned the employee for work; (2) that the employee filed late and insufficient reports; (3) that the employee went upon and into the employer’s property after being directed not to do so; and (4) that the employee secretly and without authority removed documents from his employer’s facility and provided them to third parties to be used against his employer and otherwise acted in a disloyal manner toward the employer.
We find there was competent, substantial evidence to support the appeals referee’s finding that the employee showed an intentional and substantial disregard of both his employer’s interests and the employee’s duties and obligations to his employer, which justified his discharge for misconduct connected with his work. Accordingly, we reverse the UAC’s decision and reinstate the decision of the appeals referee. See §§ 120.57(l)(b)10, and 120.-58(l)(a), Fla.Stat.; Lake County Sheriffs Department v. Unemployment Appeals Commission, 478 So.2d 880 (Fla. 5th DCA 1985); Glover v. Sanford Child Care, Inc., 429 So.2d 91 (Fla. 5th DCA 1983).
REVERSED.
SHARP, C.J., and DAUKSCH, J., concur.