629 So.2d 301 (1993)
CAREY McANALLY AND COMPANY, INC., Appellant,
v.
Margaret S. WOODRING and Florida Unemployment Appeals Commission, Appellees.
No. 93-01285.
District Court of Appeal of Florida, Second District.
December 22, 1993.
*302 Ross B. Ward, Jr., Clearwater, for appellant.
William T. Moore, Tallahassee, for appellee FL Unemployment Appeals Com'n.
No appearance for appellee Margaret S. Woodring.
PARKER, Judge.
Carey McAnally and Company, Inc., appeals the order of the Florida Unemployment Appeals Commission which reversed the appeals referee's decision and allowed Margaret S. Woodring to collect unemployment compensation benefits. We reverse, concluding that the appeals referee's finding that Woodring voluntarily left her employment without good cause attributable to her employer was based on substantial, competent evidence.
Woodring worked as a waitress at Wags/Country Kitchens Restaurant for four years. Because Woodring received tips, she averaged between $10 and $10.50 per hour. Woodring quit her job when her employer advised her that she would be required to work the following day, a previously scheduled work day, cleaning for the restaurant's grand reopening. The employer would pay her $4.25 per hour. No other employee refused to work under those terms and conditions. The appeals referee found that Woodring voluntarily left her employment and that the temporary work assignment was not so harmful to Woodring that it would give her good cause attributable to the employer for leaving her employment. The Florida Unemployment Appeals Commission reversed the referee, concluding that the change in the nature of the work and rate of pay would impel a reasonable employee to leave employment.
The determination of whether a claimant has left his employment voluntarily is a question of fact. Verner v. State Unemployment Appeals Comm'n, 474 So.2d 909 (Fla. 2d DCA 1985). Thus, the Commission cannot reverse the referee's finding on that matter unless the finding was not based on substantial, competent evidence. Verner, 474 So.2d at 911. The referee's decision in this case was based on substantial, competent evidence. Cleaning was not outside of the scope of Woodring's job duties. Further, even if considered a change in tasks and compensation, it was only for one day. Moreover, every employee who was scheduled to work that day was required to come in and clean, and no other employee refused to do so.
The case of National Insurance Services, Inc. v. Florida Unemployment Appeals Commission, 495 So.2d 244 (Fla. 2d DCA 1986) is factually similar to the instant case. The employer instituted a policy that all employees in the claims department were required to take turns cleaning the coffee area. Two claims examiners refused to do so, which resulted in their termination. This court reversed the Commission's decision to allow benefits and reinstated the referee's decision which found that the employer's request was reasonable and that the refusal to perform the duties constituted misconduct. Similarly, the employer's request in the instant case was reasonable under the circumstances. The employer required all employees who were scheduled to work that day without discrimination to clean. Further, Woodring was the only employee who refused to perform the duties. That factor is relevant when determining whether the average able-bodied worker would quit the job. Platt v. Unemployment Appeals Comm'n, 618 So.2d 340 (Fla. 2d DCA 1993). Based on these factors, we reverse the order of the Commission and direct that the Commission reinstate the decision of the referee.
Reversed and remanded.
CAMPBELL, A.C.J., and HALL, J., concur.