HALL, Judge.
The appellant, Priscilla J. Rex, challenges an order of the appellee, the Unemployment Appeals Commission (UAC), reversing an appeals referee’s finding that Rex is entitled to receive unemployment compensation benefits. Rex contends the UAC erroneously substituted its factual findings for those of the referee and improperly determined that she was discharged from her employment for misconduct in connection with her work. We agree with Rex that the UAC erred in this instance and reverse.
Rex was discharged from her employment at Omnia, Inc. for leaving work without permission. After an evidentiary hearing, the appeals referee found that Rex left work on the day in question after informing her supervisor that she was ill. The referee further found Rex was never told by the supervisor that she was not permitted to leave. The referee concluded that since “the employer’s evidence ... as a whole fail[ed] to *258 establish that the claimant engaged in misconduct,” Rex was entitled to receive unemployment compensation benefits.
On the employer’s subsequent appeal, the UAC found that Rex “walked off the job because she was angry, not because she was ill.” The UAC, thus, concluded that “[t]he claimant’s action in leaving the job site without permission ... constitute^] insubordination amounting to misconduct connected with work,” thereby disqualifying her from eligibility for unemployment compensation. Rex filed a timely notice of appeal in this court.
The UAC is not at liberty to modify or reverse the findings and conclusions of an appeals referee, where such findings and conclusions are supported by substantial competent evidence in the record. Verner v. State Unemployment Appeals Commission, 474 So.2d 909 (Fla. 2d DCA 1985). Since there is substantial, competent evidence in the instant record to support the referee’s finding that Rex is not guilty of misconduct under section 443.036(26), we find the UAC improperly reweighed the evidence and substituted its findings for those of the referee. Id. at 911.
Accordingly, we reverse the decision of the UAC and reinstate the decision of the appeals referee finding that Rex is entitled to unemployment compensation benefits.
CAMPBELL, A.C.J., and QUINCE, J., concur.