635 So.2d 141 (1994)
STUDOR INCORPORATED, Appellant,
v.
Gary S. DUREN and Florida Unemployment Appeals Commission, Appellees.
No. 93-01674.
District Court of Appeal of Florida, Second District.
April 15, 1994.
*142 Kevin D. Zwetsch of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
William T. Moore, Tallahassee, for appellee, Florida Unemployment Appeals Com'n.
QUINCE, Judge.
Studor Incorporated (Studor) appeals an order of the Unemployment Appeals Commission (UAC), which held that Gary S. Duren was entitled to unemployment compensation benefits.
Duren is a former president of Studor. He was removed as company president and stripped of management authority after alleged financial improprieties. Subsequent to his demotion, Duren had an associate remove confidential computer tapes from Studor's offices after hours. Duren was terminated for this act. Upon Duren's seeking unemployment benefits, the appeals referee found Duren did not have authority to remove the tapes. Based on this finding the referee held Duren was disqualified because he had committed misconduct in connection with his employment under section 443.036(26), Florida Statutes (1991). The UAC reversed the referee, holding that Duren had authority to remove the tapes and therefore committed no misconduct.
The UAC can reverse a referee's finding only if there is no substantial competent evidence in the record to support the finding. Verner v. State, Unemployment Appeals Com'n, 474 So.2d 909 (Fla. 2d DCA 1985). The UAC cannot reweigh the evidence and substitute its findings for those of the referee. Id. at 911.
The referee considered the following in concluding that Duren had no authority to remove the tapes. Duren was demoted from company president and stripped of his management authority. The company notified its bank, credit card company, telephone company, and accountants that Duren no longer had authority to act on behalf of the company. Duren signed paperwork acknowledging his demotion and loss of management authority. Duren had an associate remove the tapes at night after hours, indicating that Duren believed he had no authority to remove the tapes in the normal course of business. Duren had no ready explanation why the tapes had to be removed for any company purpose.
The UAC reversed, however, finding that Duren had authority to remove the tapes. In doing so, the UAC noted that while it had been made clear to Duren that he had no authority over Studor's money, he retained some management functions and had been given no indication that there were other duties he could no longer perform. The UAC also considered the fact that Duren had personal information on one of the five tapes.
The UAC cannot reweigh the evidence in this manner. Verner, 474 So.2d at 911. There exists substantial competent evidence in the record to support the referee's finding.
Accordingly, we reverse the decision of the UAC and reinstate the decision of the appeals referee.
CAMPBELL, A.C.J., and HALL, J., concur.