PATTERSON, Judge.
Claimants Julio Lopez, Jr. and Sylvestre Sanchez challenge final orders of the Unemployment Appeals Commission (UAC) denying them unemployment compensation benefits on the basis of misconduct. We reverse.
The claimants worked on a production crew for Highwoods Nursery. The regular company workweek was Monday through Friday. At issue is whether the claimants, who do not speak English, understood that they were required to report for work on Saturday, October 31, 1992. The claimants did not show up on Saturday, and when they reported to work on Monday, they were terminated.
At the hearing before the appeals referee, the employer’s supervisor testified that it was voluntary whether the claimants came to work that weekend, but added that everyone had agreed to work that weekend. The claimants testified that they did not know they were required to work on the weekend in question. Sanchez testified that if he had thought they were required to work that weekend, he would have done so. When questioned about the discrepancy between the hearing testimony and prehearing statements taken by the claims examiner, the claimants explained that the claims examiner took the statements based on information relayed to the claims examiner by an interpreter. Although the claimants signed the statements, they could not read the contents and therefore did not understand them.
The appeals referee determined that the claimants’ failure to report for the weekend work did not constitute misconduct because they did not believe that it was mandatory. In each order, the appeals referee noted that there were evidentiary conflicts and that “[bjased on the candor and demeanor of the parties at the hearing, those conflicts are resolved in favor of the claimant.”
The UAC rejected the appeals referee’s findings of fact, reversed the decision of the appeals referee, and denied the claimants benefits. “The UAC can reverse a referee’s *831 finding only if there is no substantial competent evidence in the record to support the finding. The UAC cannot reweigh the evidence and substitute its findings for those of the referee.” Studor Inc. v. Duren, 635 So.2d 141, 142 (Fla. 2d DCA 1994) (citation omitted). Here, the UAC improperly reweighed the evidence. In fact, in the Sanchez order the UAC states that Sanchez’s testimony was “illogical and totally unworthy of belief.” The claimants testified that they did not believe the weekend work to be mandatory. The testimony was confusing, at best, but it was the appeals referee’s duty to make credibility determinations since she saw the demeanor of the witnesses. Thus, we vacate the UAC’s order and reinstate the decision of the appeals referee which grants Lopez and Sanchez unemployment benefits.
Reversed.
RYDER, A.C.J., and QUINCE, J., concur.