WENTWORTH, Senior Judge.
This is an appeal from an order of the Florida Unemployment Appeals Commission denying unemployment benefits on the ground that appellant Eddie C. Walker voluntarily left employment with appellee Wal-Mart Stores, Inc., without good cause attributable to employer, pursuant to Section 443.101(l)(a), Florida Statutes. We accept the findings of fact in the order before us, see Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1980), but reverse the conclusion of law that “claimant voluntarily quit his job when he failed to report back to work after an illness” on September 9, 1993.
The material facts found by the order are as follows:
The claimant was told that his attendance had to improve and he must call in himself when he was off from work.... The claimant became sick on September 5, 1993. The claimant had no phone. The closest phone was three miles away at a convenience store. The claimant had a friend, but the claimant did not ask his friend to call his place of employment on September 6, 1993. The claimant asked her to call on September 7, 1993, and his friend did so. The employer told the claimant’s friend that if the claimant did not come or call by the next night, he was terminated.... The claimant’s friend told the claimant if he did not show up for work the next day, that he was terminated. The claimant was still sick the next day, and did not go to work. The claimant believed that he had been terminated. The claimant was well enough to return to work on September 9, 1993, but he did not do so. (Emphasis supplied.)
Based on those facts, conclusions of law were stated as follows:
A discharge is not effective until it is communicated to an employee by someone with the authority to dispense such information. While the claimant may have been told by his friend that the employer was going to discharge him, the claimant made no effort to contact the employer to verify that information. The claimant’s friend had no authority to discharge the claimant. Therefore, it can only be concluded that the claimant voluntarily quit his job when he failed to report back to work after an illness. (Emphasis supplied.)
We do not question the statement with respect to necessity for communication of a discharge by “someone with the authority to dispense such information.” However, it does not follow that the friend’s lack of “authority to discharge” constituted a lack of authority to communicate or “dispense” such information. The order finds explicitly that employer told the friend that Walker “was terminated” if he did not call on September 8, clearly contemplating that the friend was authorized to communicate that fact. When that communication occurred, we conclude the discharge was effective on the specified date. Appellant’s failure to report for work on the following day, September 9, the first day on which he was able to do so, as found by the order, could not reasonably be regarded as voluntary abandonment of employment under these circumstances.
We therefore reverse and remand with directions that the claim be granted.
ZEHMER, C.J., and DAVIS, J., concur.