WHATLEY, Judge.
The appellant, Jeffrey R. Tarr, challenges an order of the Florida Unemployment Appeals Commission (UAC) reversing the decision of the appeals referee and denying him unemployment compensation benefits. We reverse.
Elreha Photogene Corporation (Elreha) employed Tarr as a purchaser and only paid him for that position. According to Tarr, Elreha appointed him to several other positions, including that of Environmental Protection Agency (EPA) liaison. He asked Elr-eha for EPA training and literature because he had no education or experience in that field. Elreha supplied neither.
Elreha came under investigation for alleged EPA violations, and Tarr informed the employer that he was concerned that he might be held personally liable for any violations of the company. Tarr asked to be relieved of the EPA liaison responsibilities or to be trained in those responsibilities, and Elreha denied the request. Tarr subsequently resigned from his position.
The appeals referee found that Tarr’s actions in resigning were reasonable and under circumstances which would have impelled the average, reasonable person to leave employment. Further, Tarr voluntarily left the employment for good cause attributable to the employing unit under section 443.101(l)(a), Florida Statutes (1993). The UAC reversed the referee’s decision, finding that it was not supported by substantial, competent evidence in the record.
In Kan v. P.G. Cook Associates, 566 So.2d 932 (Fla. 3d DCA 1990), the court ruled that there was evidence to support the referee’s decision that the employee left with good cause attributable to the employer, where the employee was promised additional training, asked for the training, and did not receive it. Although Tarr was never promised EPA training, he was not originally hired for the position of EPA liaison. Tarr testified that he would not have resigned had Elreha agreed to train him in the EPA liaison responsibilities or relieve him of those duties.
Additionally, Tarr feared that as EPA liaison, he would be held responsible for any EPA violations. In Tannariello v. Federation of Public Employees, 437 So.2d 799 (Fla. 4th DCA 1983), the court held that an employee’s fear for her personal safety when working alone in a building in a “suspect” neighborhood was sufficient to establish good cause for leaving the employment. Tarr was not concerned for his personal safety, but for his personal liability. He believed that he could be held personally liable for the alleged EPA violations, even though Elreha would not train him or supply him with necessary material, and he had no control over Elreha’s environmental actions.
The determination of whether an employee has left employment voluntarily is a question of fact, and the UAC cannot reverse the referee’s decision unless it was not based on substantial, competent evidence. Carey McAnally and Co., Inc. v. Woodring, 629 So.2d 301 (Fla. 2d DCA 1993). It was error for the UAC to reverse the referee’s decision because the decision was based on substantial, competent evidence in the record.
Accordingly, we reverse and remand with instructions to approve Tarr’s application for unemployment compensation, if he otherwise qualifies.
Reversed and remanded.
CAMPBELL, A.C.J., and PATTERSON, J., concur.