658 So.2d 1155 (1995)
Jeff J. NADING, Appellant,
v.
SANIBEL PACKING COMPANY, INC. and Florida Unemployment Appeals Commission, Appellees.
No. 94-02452.
District Court of Appeal of Florida, Second District.
August 2, 1995.
*1156 Jeff J. Nading, pro se.
William T. Moore, Tallahassee, for appellee Unemployment Appeals Com'n.
RYDER, Acting Chief Judge.
Jeff Nading challenges an order of the Unemployment Appeals Commission ("UAC") denying his entitlement to unemployment benefits on the grounds that he was discharged for job-related misconduct. We reverse because the UAC improperly reweighed evidence presented to the appeals referee.
This case has an unusual procedural posture. The employer contended it discharged Nading because he was absent from the job site for extended periods of time and because his absences continued even after he had been warned that this behavior would result in termination. The claims adjudicator denied Nading's claim for benefits. On October 15, 1993, the appeals referee issued an order reversing the adjudicator's decision. That order contained the following findings and conclusions:
In cases involving a discharge, the employer has the burden of proving by a preponderance of competent evidence that the claimant engaged in misconduct connected with the work resulting in the discharge. The employer in this case did not carry the necessary burden. The employer's credible, direct testimony established that the claimant was gone from the work place on two occasions, for longer than one hour during his lunch break. Further, the claimant was issued a warning for this conduct and was told that he would be discharged if he continued with this behavior. However, the employer's witness did not have personal knowledge that the claimant continued to leave the work place for extended periods of time after the warning. Thus, the testimony of the employer's witness in this regard was hearsay and, as such, was legally insufficient to support a finding that the claimant continued to leave the work place for extended periods of time after the warning. Under these circumstances, it could not be concluded that the claimant engaged in willful or deliberate misconduct and he is not disqualified on this basis from receipt of unemployment compensation benefits.

*1157 Consideration was given to the employer's hearsay evidence that the claimant was gone from work for an extended period of time on July 27, July 28, and July 29, 1993. The employer's witness at the hearing did not have personal knowledge of these events. Thus, the testimony of the employer's witness in this regard was hearsay and, as such, was legally insufficient to support a finding that the claimant was gone from the work place for an extended period of time on those dates. Although the employer testified that the claimant had "verified" his absences from the work place on these dates, the employer's testimony was not sufficiently specific to conclude that the claimant had admitted being absent from the work place on these days for the time periods alleged by the employer. Thus, the employer did not present sufficient evidence that the claimant had made omissions [sic] against interest with respect to these alleged absences from the work place. Based on the candor and demeanor of the witnesses and the overall weight of the evidence, all other material discrepancies in the evidence were resolved in the employer's favor.
The employer appealed the referee's decision to the UAC. It vacated the referee's decision and remanded for further proceedings to resolve issues of fact. The UAC's order of remand stated in part:
The claimant admitted at the hearing that, subsequent to [the] warning, he worked on the landscaping behind the employer's store. Because the referee did not adequately develop the record, the Commission is unable to determine whether landscaping was one of the claimant's duties and whether the landscaping was considered to be part of the work site. Furthermore, the referee did not adequately consider the employer's evidence that the claimant had `verified' his July absences. The referee reasoned that the claimant's verification was not sufficiently specific to conclude that he had admitted to unauthorized absenteeism for the times alleged by the employer. Contrary to this reasoning, the claimant's verification was sufficient to support a finding that he left the work site without permission in July.
In May 1994, the referee held a new hearing pursuant to the order of remand. She did not ask Nading any specific questions about the "verified" incidents, but did inquire about whether landscaping was part of his job duties. The employer did not attend the hearing. Without any additional testimony from the employer, the referee entered a new order determining the employer had, in fact, met its burden of demonstrating misconduct in connection with work and upholding the adjudicator's denial of benefits. This second order, dated May 18, 1994, included the following findings and conclusions:
[T]he employer established that the claimant was gone from the work place for extended periods of time on three additional occasions when it presented testimony that the claimant had `verified' or admitted to the additional three incidents... . Although it was not clear from the testimony presented whether or not the landscaping job duties were outside the scope of the claimant's employment, it was clear from the evidence that the employer considered the claimant's overall employment history when it decided to discharge the claimant. The claimant's overall employment history showed a chronic pattern of being absent from the work place without authorization during his customary workday which evinced a substantial and deliberate disregard for the employer's best interest.
As previously noted, this case is in an unusual procedural posture. Nading's appeal is from the UAC's order adopting the findings of the referee's second order and affirming the denial of benefits. Such an order is entitled to a presumption of correctness. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). We are troubled, however, by the UAC's order of remand, which reweighed the factual issue of whether Nading had admitted or "verified" that he had been absent from the work place for certain times during July. The UAC may not reweigh evidence. Studor, Inc. v. Duren, 635 So.2d 141 (Fla. 2d DCA 1994). Nor is it permitted to modify or reverse a referee's findings or conclusions unless they are not supported by competent, substantial *1158 evidence. Verner v. State, Unemployment Appeals Comm'n, 474 So.2d 909 (Fla. 2d DCA 1985). Here, the UAC improperly reevaluated the evidence when it instructed the referee, in the order of remand, that Nading's verification was sufficient to support a finding that he was absent without permission in July. The testimony on the issue of whether Nading verified these absences was in conflict. The referee chose to side with the employee. Her finding was supported by the evidence and could not, therefore, be modified. Moreover, there was no need for the UAC to remand the case for additional findings of fact. The October 1993 order stated all material factual discrepancies that had not been specifically discussed were resolved in favor of the employer. Because the UAC improperly modified the referee's findings and conclusions in its order of remand, we must reverse that order. Verner. As such, the referee's order of May 18, 1994 and the UAC order affirming that determination, which were issued pursuant to the remand, are set aside.
We also note that, even if we were not reversing the order of remand, the referee's May 1994 order and the UAC order affirming it could not stand because they were not supported by competent, substantial evidence. As we have previously stated, the employer did not appear at the May 1994 hearing. The employer's testimony at the October 1993 hearing was, in substantial part, hearsay. As we noted in Doyle v. Florida Unemployment Appeals Comm'n, 635 So.2d 1028, 1032 (Fla. 2d DCA 1994), competent, substantial evidence to support a denial of unemployment benefits cannot be based exclusively on hearsay evidence. The documentation of Nading's absences prior to the warning consisted of the representative's unauthenticated notes. He admitted that he had personal knowledge of only two of five alleged absences reflected in the notes. He had personal knowledge of only one fifteenminute absence after Nading had been warned, although he asserted that Nading had been absent over six hours after the warning was issued. Nading denied he was absent for extended periods of time, either before or after the warning, although he did admit to watering the landscaping on the employer's property for brief periods of time on two different occasions.
Ignoring the hearsay evidence, the record before the referee at the May 1994 hearing showed that Nading had been absent for two short periods before the warning and two short periods thereafter. Moreover, the referee could not determine that Nading's absences involving landscaping activities, which were the ones that occurred after the warning, were outside the scope of his employment. Thus, the record did not contain competent, substantial evidence to support the referee's conclusion that Nading's work history showed a "chronic pattern of being absent from the work place without authorization ... which evinced a substantial and deliberate disregard for the employer's best interest." Without such evidence, the UAC and the referee should not have disqualified Nading from receiving unemployment benefits. See Shacklett v. State, Unemployment Appeals Comm'n, 460 So.2d 557 (Fla. 2d DCA 1984).
We have reviewed the order of October 1993 and have determined that the referee's findings and conclusions were supported by substantial, competent evidence. Accordingly, the UAC may not overturn that order. Verner. We therefore reverse and remand with directions to reinstate the referee's order of October 1993 and to award Mr. Nading unemployment compensation benefits.
SCHOONOVER and QUINCE, JJ., concur.