682 So.2d 1241 (1996)
Walter A. ROMAN, Appellant,
v.
A-1 SPECIALTY GASOLINES, INC. and Unemployment Appeals Commission, Appellees.
No. 96-1514.
District Court of Appeal of Florida, First District.
November 22, 1996.
Donald R. McCoy, Ft. Lauderdale, for Appellant.
William T. Moore, Tallahassee, for Appellees.
PER CURIAM.
In this unemployment compensation case, appellant relies upon Walker v. Wal-Mart Stores, Inc., 649 So.2d 359 (Fla. 1st DCA 1995), in arguing for reversal of the final order of the Unemployment Appeals Commission. Walker, however, is distinguishable from the present case. In this case, the employee and his wife worked together for A-1 Specialty Gasolines. Apparently, employee and his wife were unable to return to their job site at West Palm Beach, Florida, after an extended weekend in north Florida because their truck broke down. When they did return to West Palm Beach, the wife went into the place of business and was told by the supervisor that she should turn in her keys. Neither claimant nor his wife spoke to the supervisor again.
*1242 In Walker, the appeals referee made a specific finding that the employer told the claimant's friend if the claimant did not show up for work the next day, he would be terminated. 649 So.2d at 360. The referee also found that claimant did not in fact go to work the next day due to a continuing illness, and that claimant believed he had been terminated. The referee then concluded that claimant voluntarily quit his job, and the Unemployment Appeals Commission affirmed the decision. This court reversed relying upon the employer's communication to claimant's friend concerning the impending termination: "When that communication occurred, we conclude the discharge was effective on the specified date." Id. Accordingly, the court held that claimant's failure to return to work when his health improved could not reasonably be regarded as voluntary abandonment of employment under those circumstances.
In the present case, the referee made no specific finding that anyone told the claimant he had been discharged. The referee merely found that "the claimant was told by his wife that the supervisor had taken the keys to the business." Because claimant in this case was not specifically informed by anyone that he had been discharged, the appeals referee had the prerogative to determine as a matter of fact whether claimant's failure to report to work or to make any inquiry whatsoever could reasonably be regarded as voluntary abandonment of employment. The determination of whether a claimant left employment voluntarily is essentially a question of fact within the province of the appeals referee. Campeanu v. Florida Unemploy. Appeals Comm'n, 629 So.2d 1015, 1016 (Fla. 4th DCA 1993); Carey McAnally & Co. v. Woodring, 629 So.2d 301, 302 (Fla. 2d DCA 1993); Verner v. State, Unemploy. Appeals Comm'n, 474 So.2d 909, 911 (Fla. 2d DCA 1985); David Clark & Assocs., Inc. v. Kennedy, 390 So.2d 149, 151 (Fla. 1st DCA 1980).
AFFIRMED.
ERVIN, KAHN and DAVIS, JJ., concur.