820 So.2d 457 (2002)
Gale L. BROWN, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 5D01-2385.
District Court of Appeal of Florida, Fifth District.
July 12, 2002.
*458 Gale L. Brown, Orlando, pro se.
David E. Cannella, Carlton Fields, P.A., Orlando, for Appellee.
SHARP, W., J.
Brown appeals from an order of the Unemployment Appeals Commission which affirmed the decision of the appeals referee that Brown was disqualified from receiving Unemployment benefits because she voluntarily left her employment without good cause. § 443.101(1)(a)(1), Fla. Stat. We affirm.
The determination of whether an employee left employment voluntarily and whether the leaving was without good cause are questions of fact.[1] The issue on appeal is whether the referee's findings of fact are supported by substantial competent evidence.[2] If there is substantial competent evidence in the record, although there may be sufficient competent evidence to support a contrary finding, this court must affirm.
The referee's conclusion that Brown left her employment voluntarily is supported by the record. Brown told her supervisor she was leaving and "may not" be back, and then she walked off the job, during work hours. She also took personal items with her and she never contacted her employer or asked for her job back.
The referee's finding that Brown lacked good cause for leaving is also supported by this record. There was tension in the work place and Brown had been subjected to discourteous and rude behavior by another employee. However, based on other employees' testimony at the hearing, the referee found that the disharmony and unpleasantness was not so great that it would cause the average person to leave gainful employment. That is the appropriate standard,[3] and it was supported by competent evidence.
AFFIRMED.
PALMER and ORFINGER, R.B., JJ., concur.
NOTES
[1] Roman v. A-1 Specialty Gasolines, Inc., 682 So.2d 1241 (Fla. 1st DCA 1996); Tarr v. Florida Unemployment Appeals Commission, 651 So.2d 1246 (Fla. 2d DCA 1995).
[2] Novas v. Florida Unemployment Appeals Commission, 735 So.2d 563 (Fla. 3d DCA 1999); Tarr; Campeanu v. Florida Unemployment Appeals Commission, 629 So.2d 1015 (Fla. 4th DCA 1993).
[3] Dean v. Florida Unemployment Appeals Commission, 598 So.2d 100 (Fla. 2d DCA 1992); Marcelo v. Dept. of Labor and Employment Sec., 453 So.2d 927 (Fla. 2d DCA 1984). The standard is not that of the highly emotional, super sensitive employee. Ritenour v. Florida Unemployment Appeals Commission, 570 So.2d 1106 (Fla. 5th DCA 1990).