823 So.2d 873 (2002)
Nancy P. SMITH, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 5D01-3586.
District Court of Appeal of Florida, Fifth District.
August 23, 2002.
Nancy P. Smith, Orlando, pro se.
John D. Maher, Tallahassee, for Appellee.
SHARP, W., J.
Smith appeals from a final order of the Unemployment Appeals Commission, affirming *874 the appeals referee's determination that she was not entitled to unemployment compensation benefits. Smith failed to furnish this court with a transcript of the hearing before the appeals referee.[1] We affirm.
Smith worked for Walt Disney World Hospitality Recreation Corporation as a resort/guest services manager from December 1988 through June 2001, when she accepted a severance package and left employment. She applied for unemployment benefits. They were denied. She appealed and a hearing was held before the appeals referee.
The appeals referee concluded that Smith voluntarily quit her job in order to participate in her employer's "voluntary separation program." The referee made the following fact-finding and legal conclusion:
At the time that the claimant chose to participate in the voluntary separation program, the claimant had not been advised that she was being laid off. Continuing work was available to the claimant. Although the separation package might have been attractive, in the absence of explicit notice of layoff, it has not been shown that the claimant left work with good cause attributable to the employer within the meaning of the law.
An employee who voluntarily leaves work without good cause attributable to his or her employer is disqualified from receiving unemployment benefits. § 443.101(1)(a), Fla. Stat. (2001). Whether an employee left employment voluntarily and whether the leaving was without good cause are questions of fact. Brown v. Unemployment Appeals Commission, 820 So.2d 457 (Fla. 5th DCA 2002). In some circumstances, an employee's acceptance of a severance package on leaving employment does not bar unemployment compensation. See LeCroy v. Unemployment Appeals Commission, 654 So.2d 1054 (Fla. 1st DCA 1995). However, the claimant must establish facts to show the employee was faced with certain discharge or loss of job in any event. The appeals referee held that Smith had failed to prove these circumstances.
The appeals referee's determinations of fact are presumed correct and it is impossible for Smith to establish error without a transcript. McGill v. Unemployment Appeals Commission, 821 So.2d 341 (Fla. 5th DCA 2002); Fryburg v. Unemployment Appeals Commission, 799 So.2d 281 (Fla. 5th DCA 2001).
AFFIRMED.
HARRIS and ORFINGER, R.B., JJ., concur.
NOTES
[1] Apparently neither party complied with the rules governing preparation and preservation of the record.