WHATLEY, Judge.
Elizabeth C. Engel appeals an order of the Unemployment Appeals Commission (UAC), which reversed the appeals referee’s determination that she was qualified to receive unemployment compensation benefits. We reverse.
The appeals referee concluded that En-gel was entitled to unemployment benefits because she voluntarily quit with good cause attributable to the employer, Louis Wohl & Sons, Inc., pursuant to section 443.101(l)(a), Florida Statutes (2001). The referee found that Engel was employed as a sales trainee from July 3, 2001, through July 11, 2001, and that she had over twenty-five years of sales experience. The referee further found that Engel had similar or more experience than her male coworkers. When Engel discovered that she was making approximately $100 less per week than her male coworkers during the training period, she confronted the sales manager.' The sales manager responded that it was a managerial decision. Thereafter, Engel resigned. The referee noted that Wohl’s witness refused to discuss the difference in the salaries between the males and the females.
In reversing the decision of the appeals referee, the UAC rejected the referee’s finding that Wohl was a food service sales company. The UAC concluded that such finding was not supported by competent, substantial evidence, as both witnesses testified that Wohl sold commercial restaurant equipment and supplies. The UAC also rejected the referee’s finding that En-gel quit with good cause attributable to Wohl, because it found that Engel did not provide any evidence that she had as much or the same type of sales experience as the *555 male workers who were paid higher salaries during the training period.
We would first note that gender discrimination does confer good cause on the employee to terminate her employment. Fowler v. Unemployment Appeals Comm’n, 670 So.2d 1202 (Fla. 4th DCA 1996). In Carey McAnally and Co. v. Woodring, 629 So.2d 301 (Fla. 2d DCA 1993), this court held that the determination of whether an employee left her employment voluntarily without good cause attributable to her employer is a question of fact, and the UAC cannot reverse the referee’s decision unless it was not based on substantial, competent evidence. Credibility falls solely within the purview of the hearing officer’s discretion as finder of fact. Glover v. Sanford Child Care, Inc., 429 So.2d 91 (Fla. 5th DCA 1983).
We agree with the UAC’s conclusion that Wohl was in the business of selling commercial restaurant equipment and supplies and was not a food service sales company. However, we disagree with its conclusion that Engel did not provide any evidence that she had as much or the same type of sales experience as the male workers who were paid higher salaries. Engel testified that she had twenty-five years of sales experience and that she had comparable experience to the male employees. When she discovered that several men were making more money than she was during the training period, she asked a sales manager about the salary discrepancy and noted her years of sales experience. The manager replied that it was a “committee decision.” He did not tell Engel that the salary discrepancy was based on sales experience in the specific field of commercial restaurant equipment and supplies.
Steven Paver, the vice president and general manager of Wohl, admitted that Engel was paid less than some of the male employees. Although he testified that the salaries were based on experience selling commercial restaurant equipment and supplies, Paver refused to give any specific examples or describe the type of experience any of the higher paid male employees had in the industry. Because there was substantial, competent evidence to support the referee’s decision, we reverse the order of the UAC and remand with instructions to reinstate the appeals referee’s decision that Engel is eligible for unemployment compensation benefits.
Reversed and remanded.
SILBERMAN and KELLY, JJ., concur.