ORFINGER, J.
William J. Browning appeals the denial of unemployment compensation benefits based on a finding that he voluntarily left his job without good cause. Because competent substantial evidence supports that finding, we affirm.
Browning was employed by QIS,- Inc. as a construction inspector. He was assigned to a project in Georgia and received daily pay and travel expenses. After that job was completed, Browning was offered a similar position on a project in Pennsylvania. As the Pennsylvania project was coming to an end, QIS offered Browning employment at a project in Maryland. The hearing officer found, based on conflicting evidence, that the terms of Browning’s employment in Maryland differed from his previous jobs in Georgia and Pennsylvania in that he would be paid and receive travel expenses only for those days actually worked. Consequently, Browning would receive no pay or expenses for days no construction was performed due to weather or other circumstances. Because Browning averaged only three days of work per week in Pennsylvania, his earnings and travel reimbursement were low, and as a result, he resigned.
A claimant who voluntarily leaves work without good cause is disqualified from receiving .unemployment benefits. Good cause “includes only such cause as is attributable to the employing unit or which consists of illness or disability of the individual requiring separation from his or her work.” § 443.101(1)(a)(1), Fla. Stat. (2003). The hearing officer found that Browning voluntarily resigned his position because of his dissatisfaction with the compensation and reimbursement package he had agreed to. Because that finding is based on competent, substantial evidence, we affirm. While we recognize that the evidence was disputed, the determination of credibility falls solely within the purview of the hearing officer’s discretion as the finder of fact. Glover v. Sanford Child Care, Inc., 429 So.2d 91, 92 (Fla. 5th DCA 1983).
AFFIRMED.
THOMPSON and TORPY, JJ., concur.