ALTENBERND, Judge.
Erik C. Nelson appeals the order of the Florida Unemployment Appeals Commission that affirmed the decision of the appeals referee. The appeals referee determined that Mr. Nelson was not entitled to unemployment benefits because he voluntarily quit his job. Competent, substantial evidence supports this decision, and the Commission made no error of law that warrants reversal by this court. Accordingly, we affirm the order on appeal.
Mr. Nelson worked as an estimator for Specialized Painting, Inc. He was a salaried employee. The record contains no evidence that he had a written contract providing him with any employment security, and thus, we must assume that he was an at-will employee.
Specialized Painting decided that it would create a noncompetition agreement to be signed by all of its salaried employees. Mr. Nelson was aware of this plan and was concerned about it. There is evidence in the record that Specialized Painting tried to address Mr. Nelson’s concerns about the agreement.
On May 9, 2003, Mr. Nelson went to his supervisor and advised him that he was not going to sign the agreement. Shortly thereafter, he advised the president of the corporation of his decision. Mr. Nelson testified that he did not resign during these discussions; rather, he was instructed to leave. On the other hand, the president of the corporation testified that Mr. Nelson advised him that he was quitting but that he was willing to stay on for two weeks, or even a month, until Specialized Painting found a replacement. The president then talked with Mr. Nelson’s supervisor and decided that it was better for Mr. Nelson to leave immediately rather than to remain for a couple more weeks under the circumstances.
In deciding this case, the appeals referee accepted the testimony of the president of the corporation instead of the testimony of Mr. Nelson. We have no authority to override that decision because it is based on competent, substantial evidence. See Engel v. Louis Wohl & Sons, Inc., 841 So.2d 553 (Fla. 2d DCA 2003). Unlike Wood v. Unemployment Appeals Commission, No. 2D05-2941, 927 So.2d 127, 2006 WL 1098277 (Fla. 2d DCA Apr. 19, 2006) (citing Lewis v. Lakeland Health Care Center, Inc., 685 So.2d 876 (Fla. 2d DCA 1996)), this is a case in which the employer understood its burden of proof and met it.
We note that Mr. Nelson has not argued that the conditions in the proposed agreement and the manner in which the agreement was presented to him were such that a reasonable employee would have felt constrained to quit rather than sign them. In other words-, he is not arguing that he quit for good cause attributable to the employer. See Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106, 1107 (Fla. 5th DCA 1990) (“ ‘Good cause’ for voluntarily quitting are those circumstances which would impel the average, able bodied, qualified worker to give up his employment.”). The evidence in this record would not support such a determination in any case.
It is obvious from this record that if Mr. Nelson had refused to sign the agreement and had also refused to leave his job, he probably would have been fired and would have been eligible for unemployment benefits. Mr. Nelson clearly does not understand the fine distinctions in the law under which he would have received benefits if *192 he had been uncooperative under these circumstances but is now denied benefits because the referee decided that he politely stood his ground and resigned. See § 443.101(l)(a), Fla. Stat. (2003) (an employee who voluntarily leaves employment without good cause is disqualified from receiving benefits); see also Benson v. Unemployment Appeals Comm’n, 927 So.2d 49, 2006 WL, 846836 (Fla. 6th DCA Mar. 31, 2006). We have no ready, logical explanation that would comfort him. If there is any solace, Mr. Nelson did not sign the noncompete agreement and, thus, is free to work for anyone in the painting business in any location at any time.
Affirmed.
DAVIS and WALLACE, JJ., Concur.