PER CURIAM.
 

 Franklin J. Parker appeals an order of the Unemployment Appeals Commission affirming the appeal referee’s finding that Parker voluntarily abandoned his job as a line cook at Landry’s Seafood House without good cause. As a result of this determination, Parker was denied unemployment benefits. We affirm.
 

 Whether an employee left employment voluntarily and whether he did so without good cause are questions of fact.
 
 Brown v. Unemployment Appeals Comm’n,
 
 820 So.2d 457 (Fla. 5th DCA 2002). An appeal referee’s factual determinations are ordinarily presumed to be correct.
 
 Smith v. Unemployment Appeals Comm’n,
 
 823 So.2d 873 (Fla. 5th DCA 2002). Thus, if there is substantial competent evidence in the record to support the appeal referee’s findings, and in particular the finding that Parker abandoned his job without good cause, this court must affirm.
 
 Brown,
 
 820 So.2d at 458. It is clear from the appeal referee’s report that she based her findings on testimony from the chef who supervised Parker. Although Parker claims in his brief on appeal that he was
 
 *1091
 
 fired, we cannot reweigh the evidence.
 
 Id.
 

 [1]
 

 Parker also argues on appeal that he was unable to participate in one of the two telephonic hearings in this case because he could not afford a telephone due to his unemployment. However, the referee’s decision, which was served on Parker, notified him that if he was unable to attend the hearing for good cause, he could request that the hearing be reopened. The notice instructed Parker as to how he could make this request, either through the internet or by mail. There is no request in the record by Parker to reopen the hearing. And, Parker never gave any explanation to the agency for why he missed the hearing. Accordingly, this issue is not preserved for review.
 
 Cf. Saunders v. Unemployment Appeals Comm’n,
 
 776 So.2d 369 (Fla. 5th DCA 2001) (explaining that an appellate court’s review is limited to matters contained in the record on appeal).
 

 AFFIRMED.
 

 ORFINGER, LAWSON and JACOBUS, JJ., concur.
 

 [1]
 

 . Additionally, we note that we are unable to review the testimony on which the appeal referee based her findings, because no transcript has been provided as part of the record on appeal.
 
 See Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150 (Fla.1980).