IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DINA PORUBSKY,

      Appellant,

 v.                                Case No.  5D16-2346

REEMPLOYMENT ASSISTANCE
APPEALS COMMISSION,

      Appellee.

_____/

Opinion filed January 6, 2017

Administrative Appeal from the
Reemployment Assistance
Appeals Commission.

Dina Porubsky, Brooksville, pro se.

Cristina A. Velez, Tallahassee,
for Appellee.

PER CURIAM.

      Dina Porubsky appeals from a final order of the Reemployment Assistance

Appeals Commission, which affirmed a referee's decision to disqualify her from receiving

unemployment benefits.  Having carefully considered Ms. Porubsky's arguments on

appeal and the record before us, we affirm.  See, e.g., Parker v. Unemployment Appeals

Comm'n, 41 So. 3d 1090, 1090 (Fla. 5th DCA 2010) ("An appeal referee's factual

determinations are ordinarily presumed to be correct . . . [and thus], if there is substantial

competent evidence in the record to support the appeal referee's findings . . . this court must affirm.") (citations omitted).[1]

AFFIRMED.

ORFINGER, EVANDER and WALLIS, JJ., concur.

---

[1] We are unable to review the evidentiary basis for the referee's findings because Ms. Porubsky did not include a transcript of the hearing in the record on appeal. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (holding that without record of trial proceedings, court cannot review underlying evidence so as to conclude that trial court's judgment is not supported by evidence or by alternative theory). Because there is no transcript, we must assume that the referee's findings of work-related misconduct are supported by the evidence. See Roach v. Unemployment Appeals Comm'n, 873 So. 2d 617, 618 (Fla. 5th DCA 2004).