COHEN, C.J.
S.B.-B. and B.B.-B. ("Mother" and "Prospective Adoptive Parent," respectively) appeal the denial of their petition for stepparent adoption of J.M.B.-S. ("Child"). In the petition, they sought to excuse the necessity of obtaining the consent of M.S. ("Father"), alleging that he abandoned Child pursuant to section 63.089(4), Florida Statutes (2016). We affirm.
We gather the following facts from the pleadings and the trial court's order. Child was born in 2008. At some point between 2008 and 2010, Mother and Father lived together, although it is unclear for how long. In 2010, Father filed a paternity action and was granted supervised visitation with Child. In 2012, Mother obtained an injunction against Father, which granted her sole custody of Child. The injunction *371 provided that it could be modified in the paternity action, but Father made no effort to do so for four years.
In 2016, Father moved to dissolve the injunction. The court denied the motion, directing Father to file the motion in the paternity action. Father again took no action to do so. Mother and Prospective Adoptive Parent filed their petition for stepparent adoption in late 2016.
The trial court appointed a Guardian ad Litem and held a trial in early 2018. The Guardian's report, which is of little assistance in that it is conclusory in nature, notes that Father went through a sixty-day drug treatment program, has mental health issues, and has a child with his current girlfriend. The trial court's order notes that Father's "road to recovery has not been without setbacks." As of the time of trial, Father had no contact with Child for six years and had made no effort to support Child until after the petition was filed. However, Father technically made some effort to reestablish a relationship with Child by moving to dissolve the injunction. Despite this minimal effort, the trial court found that Father did not evince an intent to reject parental responsibilities and denied the petition for stepparent adoption.
Under the facts as found by the trial court, there is ample case law to support a finding that Father abandoned Child. See, e.g., F.L.C. v. G.C., 24 So.3d 669, 670-71 (Fla. 5th DCA 2009) ; M.A.F. v. E.J.S., 917 So.2d 236, 237-39 (Fla. 5th DCA 2005). While the findings appear inconsistent with the ultimate conclusion, we do not know what testimony was presented at the hearing. The trial court, which presided over both the injunction and paternity actions, was better able to evaluate the parties and the totality of the circumstances.[1] Without a transcript of the proceedings, we are not in a position to reverse the denial of the petition. E.g., Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979) ; cf. Parker v. Unemplmt. App. Comm'n, 41 So.3d 1090, 1091 & n.1 (Fla. 5th DCA 2010) (affirming order where record did not include hearing transcript and indicating that "we cannot reweigh the evidence").
AFFIRMED.
EVANDER and BERGER, JJ., concur.

The trial court took judicial notice of both the injunction and paternity cases.