442 So.2d 268 (1983)
Florence G. NOFRIO, Appellant,
v.
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, UNEMPLOYMENT APPEALS COMMISSION, and Shopper's Special, Inc., Appellees.
No. 83-324.
District Court of Appeal of Florida, Second District.
November 18, 1983.
Rehearing Denied December 28, 1983.
Philip L. Hamilton, Naples, for appellant.
Scott F. Randolph, Tallahassee, for appellee Unemployment Appeals Com'n.
LEHAN, Judge.
Florence Nofrio appeals a denial of her claim for unemployment benefits. We affirm.
Mrs. Nofrio was employed by Shopper's Special, Inc. In the summer of *269 1982 she informed her supervisor, John Sharkey, that she wanted to take some time off from work in addition to her two-week vacation. From the testimony at the hearing before the unemployment compensation appeals referee, it is apparent that Mrs. Nofrio believed that her employer consented to her plan to take an extended leave of absence and return to work sometime in the fall when business picked up after the employer's "slow" season. However, Mr. Sharkey apparently believed that Mrs. Nofrio was terminating her employment with the mutual understanding that, because she was an excellent worker and valued employee, she would likely be re-employed by Mr. Sharkey when she returned to town after the slow season.
The unemployment compensation appeals referee found that Mrs. Nofrio had not taken a legitimate leave of absence and, therefore, was not entitled to unemployment benefits pursuant to section 443.101, Florida Statutes (1981). The Unemployment Appeals Commission affirmed the referee's decision.
Although we feel sympathy for Mrs. Nofrio's plight, caused by what seems to have been a simple misunderstanding, we also affirm the denial of benefits. It seems to us that an employee who informs her employer that she will be taking a vacation trip of several months duration, without an explicit understanding and assurance that her job will remain open, can be said to have voluntarily left her job without good cause and is not entitled to unemployment benefits. Cf. Board of County Commissioners v. Florida Department of Commerce, 370 So.2d 1209 (Fla. 2d DCA 1979); W.M. Palmer Co. v. Meeks, 354 So.2d 893 (Fla. 1st DCA 1978).
AFFIRMED.
RYDER, A.C.J., and DANAHY, J., concur.