592 So.2d 1255 (1992)
Dawn KEAYS, Appellant,
v.
The STATE OF FLORIDA UNEMPLOYMENT APPEALS COMMISSION, and Springlock Scaffolding, Incorporated, Appellees.
No. 91-01325.
District Court of Appeal of Florida, Second District.
February 5, 1992.
Joan Cain Boles of Bay Area Legal Services, Inc., Tampa, for appellant.
John D. Maher of Unemployment Appeals Com'n, Tallahassee, for appellee Unemployment Appeals Com'n.
FRANK, Acting Chief Judge.
Dawn Keays has appealed from a decision of the Florida Unemployment Appeals Commission denying her claim for unemployment compensation benefits on the ground that she voluntarily left her employment. We reverse and remand.
This case involves no disputed facts. The record reveals that Keays had worked at Springlock Scaffolding for approximately *1256 nine months when she missed a Monday morning because of illness. Keays' mother called Springlock, and later that afternoon Keays herself called and stated that she needed to take a leave of absence to attend to some family problems out of town. According to the appeals referee, "The Controller indicated that Claimant's absence was acceptable and the Claimant advised that she would call the Employer on her return." On Wednesday, Keays' mother called Springlock to advise of Keays' status; and on Friday, Keays attempted, apparently unsuccessfully, to call. Keays returned to town the following Monday evening, and when she called in on Tuesday morning she discovered she had been replaced.
The uncontroverted facts reveal that when Keays was terminated, she had been absent from work for one week to take care of a family emergency. Springlock's right to terminate Keays is not in issue. The appeals referee, however, concluded that Keays had voluntarily left her employment, and therefore unemployment compensation benefits were not available to her. The applicable authorities do not support the Commission's conclusions.
The authorities relied upon by the parties indicate that, in situations such as this, the claimant should be notified that continued absence is unacceptable, and the employee should be given a choice of termination or of returning to work. See Hartenstein v. Florida Department of Labor and Employment, 383 So.2d 759 (Fla. 2d DCA 1980); Bonomo v. Division of Employment Security, 346 So.2d 128 (Fla. 1st DCA 1977). The inference to be drawn from those cases is that it is the employer's  not the employee's  duty to establish the appropriate and acceptable length of absence. In those cases where that burden has been placed upon the employee, extenuating circumstances were found to exist. For example, in Nofrio v. Department of Labor and Employment Security, 442 So.2d 268 (Fla. 2d DCA 1983), the employee informed her employer that she would be taking a vacation trip of several months, and she left with no specific understanding that her job would remain open. Within that context, this court concluded that she had voluntarily left her job without good cause and was not entitled to unemployment benefits. Similarly, the claimant in Flagler County Sheriff's Department v. Florida Department of Labor and Employment Security, 421 So.2d 1107 (Fla. 5th DCA 1982), left her job on a medical leave on the day before a new sheriff was to be installed in office. She had made arrangements to take the leave only with the outgoing sheriff, and she had made no effort to communicate the details of her absence to the new sheriff. The court rightly found that it was her duty to preserve her right to reemployment.
It is noteworthy that both Nofrio and Flagler County involved long absences of several months' duration. Garcia v. AT & T Communications, Inc., 575 So.2d 730 (Fla. 1991), involved a similarly long leave. In Garcia the claimant was denied unemployment benefits because she had been informed prior to taking her six-month leave that a job might not be available for her upon her return. The critical point, as expressed in Garcia, Hartenstein, and Bonomo, is that the employee was or should have been informed of her option to continue her absence or to return to work. In this case Springlock led Keays to believe that her absence was excused. Springlock was not explicit about its expectations as to when Keays should return to work, and her absence was relatively brief. Accordingly, competent, substantial evidence does not exist to support the appeals referee's decision that Keays voluntarily left her employment, and we reverse the decision of the Unemployment Appeals Commission. Upon remand, the Commission shall reinstate Keays' unemployment compensation benefits arising out of her termination from Springlock Scaffolding.
THREADGILL and PARKER, JJ., concur.