611 So.2d 54 (1992)
Sanford MEYERS, Appellant,
v.
QUALITY EXTRUDED PRODUCTS, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 92-173.
District Court of Appeal of Florida, Third District.
December 29, 1992.
Debra P. Rochlin, Fort Lauderdale, for appellant.
William T. Moore, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
Sanford Meyers appeals an order from the Unemployment Appeals Commission affirming an appeals referee's denial of unemployment benefits. For the following reasons, we reverse.
In January 1991, Meyers initially informed his employer, Quality Extruded Products, that he would be taking a leave of absence at the end of March. On April 4, Meyers again notified the president of Quality Extruded that he was taking a leave of absence to sell his house in New York and relocate his family to Florida. Meyers telephoned the president on June 19 and told him that the house was sold, that he had relocated, and that he was *55 ready to return to work. The president told Meyers that he no longer had a job.
Meyers filed a claim for unemployment benefits. At the hearing before the appeals referee, Meyers testified that on April 4, the president agreed to the temporary leave of absence. Meyers argued that this agreement was evidenced by the fact that he left his personal belongings at the job site and that he made several phone calls to the president to discuss business while he was on leave. The president testified that Meyers never asked for a leave of absence. The appeals referee found Meyers' testimony to be more credible than the president's testimony and concluded that Meyers and the president had agreed on a leave of absence. The referee, however, denied benefits on the basis that Meyers was not on a bona fide leave of absence because the president did not guarantee that the position would be available upon his return.
This is not a case where upon a request for a leave of absence an employer specifically notifies its employee that the employee's reinstatement is not guaranteed. See Garcia v. AT & T Communications, Inc., 575 So.2d 730 (Fla. 3d DCA 1991) (employee, who requested leave of absence for six months and was informed that her reemployment was contingent upon position being available, was not entitled to unemployment benefits). In this case, Meyers and the president agreed to a temporary leave of absence without discussing a job guarantee. An agreement for a leave of absence presumes that an employee has a job upon his/her return. Thus, it is the employer's duty to inform the employee on the acceptable terms of the leave of absence. See Keays v. Florida Unemployment Appeals Commission, 592 So.2d 1255, 1256 (Fla. 2d DCA 1992). Where an employer fails to notify its employee that absence from employment is not acceptable and such failure leads the employee to believe that the leave of absence is excused, the absence of the employee cannot support a finding that the employee voluntarily left his/her employment. Id.
The president failed to inform Meyers of the acceptable terms for the leave of absence. As a result, Meyers left for New York believing his absence was excused. Therefore, Meyers left his work with good cause attributable to his employer, and is thus entitled to an award of unemployment compensation.
Reversed and remanded.