621 So.2d 523 (1993)
Barbara R. GOODMAN, Appellant,
v.
ENGLE HOMES, INC., and Unemployment Appeals Commission, Appellees.
No. 92-2248.
District Court of Appeal of Florida, Fourth District.
July 7, 1993.
*524 Christopher W. Boyden, North Palm Beach, for appellant.
Mark F. Bideau and Trini L. Donato, Greenburg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., West Palm Beach, for appellee Engle Homes, Inc.
William T. Moore, Tallahassee, for appellee Unemployment Appeals Com'n.
POLEN, Judge.
Appellant, Barbara Goodman, appeals from an order of the Unemployment Appeals Commission (UAC), reversing the determination of the appeals referee that Goodman was entitled to unemployment benefits. We reverse.
The appeals referee found that Goodman, a receptionist/Color Coordinator with Engle Homes, had various discussions with her employer regarding a leave of absence Goodman would take following her marriage. The appeals referee found that Goodman was promised reemployment beginning "the next fall season," as well as a change in location to a more expensive development when she returned. Goodman returned from her honeymoon in early November, and when she contacted her employer she was told that he expected her to return when season began January 1, 1992. The referee noted a conflict in the evidence as to the start date of "season," resolving the conflict in favor of the employer, determining that January 1 was the start of "season." The referee concluded that Goodman went on a bona fide leave of absence with a guarantee to return to work when the season picked up again, January 1, 1992. The appeals referee concluded that Goodman was laid off because of a lack of work and was thus entitled to unemployment compensation benefits.
Engle Homes appealed the referee's determination and the UAC reversed. The UAC concluded that a bona fide leave of absence for purposes of unemployment compensation law requires that the employer and employee agree upon a specific term for the leave. It stated that because the parties had not agreed upon a date when Goodman would resume work, Goodman was not on a bona fide leave of absence. The UAC concluded that Goodman voluntarily left her employment following her wedding and she did so without good cause attributable to the employer.
We disagree with the UAC's conclusion that a bona fide leave of absence for purposes of unemployment compensation law requires that the employer and employee agree upon a specific term for the leave. We agree with the reasoning of the court expressed in Meyers v. Quality Extruded Products, Inc., 611 So.2d 54 (Fla. 3d DCA 1992).[1] There the court noted:
An agreement for a leave of absence presumes that an employee has a job upon his/her return. Thus, it is the employer's duty to inform the employee on the acceptable terms of the leave of absence. See Keays v. Florida Unemployment Appeals Commission, 592 So.2d 1255, 1256 (Fla. 2d DCA 1992). Where an employer fails to notify its employee that absence from employment is not acceptable and such failure leads the employee to believe that the leave of absence is excused, the absence of the employee cannot support a finding that the employee voluntarily left his/her employment. Id.

Meyers, 611 So.2d at 55.
When Goodman and Engle Homes agreed to a leave of absence, it became the *525 duty of Engle Homes to inform Goodman of the acceptable terms of the leave of absence. Because Engle Homes failed to so inform Goodman, her absence did not support a finding that she voluntarily left her employment. The order of the UAC is reversed and remanded, with directions to award Goodman unemployment compensation benefits.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] The UAC did not have the benefit of the Meyers opinion at the time it reached its determination.