659 So.2d 1232 (1995)
Howard FOOTE, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellees.
No. 94-2308.
District Court of Appeal of Florida, Fifth District.
August 25, 1995.
Paolo G. Annino of Central Florida Legal Services, Inc., Daytona Beach, for appellant.
William T. Moore, Tallahassee, for appellee Unemployment Appeals Commission.
*1233 W. SHARP, Judge.
Foote appeals from an order of the Unemployment Appeals Commission denying him unemployment benefits. We conclude that Foote's three-day absence from his job as a maintenance worker for a legitimate family emergency does not constitute misconduct. We reverse.
The unemployment compensation law provides that no benefits may be received if an employee is discharged for misconduct connected with his work. § 443.101(1)(a), Fla. Stat. (1993). "Misconduct" is defined as:
(26) MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§ 443.036(26), Fla. Stat. (1993).
In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment compensation benefits, the statute should be liberally construed in favor of the claimant. § 443.031, Fla. Stat. (1993). The Unemployment Compensation Law is remedial in nature and should be liberally construed to achieve its declared purpose of providing relief to persons unemployed through no fault of their own. Tallahassee Housing Authority v. Florida Unemployment Appeals Commission, 483 So.2d 413 (Fla. 1986); Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992); Dean v. Florida Unemployment Appeals Commission, 598 So.2d 100 (Fla. 2d DCA), rev. denied, 605 So.2d 1268 (Fla. 1992); Hummer v. Unemployment Appeals Commission, 573 So.2d 135 (Fla. 5th DCA 1991); Lewis v. Unemployment Appeals Commission, 498 So.2d 608 (Fla. 5th DCA 1986).
We have previously held that a temporary absence or refusal to work because of a legitimate family emergency does not constitute misconduct. Williams v. Unemployment Appeals Commission, 608 So.2d 572 (Fla. 5th DCA 1992). Here, Foote's wife hemorrhaged with a tubal pregnancy and was taken to the hospital for emergency surgery on Friday, April 8, 1994. On Monday evening, Foote brought his wife home from the hospital. He did not go to work on Monday, Tuesday, or Wednesday because he had to care for his wife and their four children; ages eleven, six, three and two.
Since Foote was reasonably responding to a legitimate family emergency, his three-day absence from work, without more, does not constitute misconduct. See Williams (employee's refusal to work one day in order to care for his ailing father did not constitute misconduct); Dean v. Florida Unemployment Appeals Commission, 598 So.2d 100 (Fla. 2d DCA), rev. denied, 605 So.2d 1268 (Fla. 1992) (employee who left work for one week did not voluntarily leave employment without good cause; her son had chicken pox and she was unable, despite diligent efforts, to arrange supervision for him); Keays v. Unemployment Appeals Commission, 592 So.2d 1255 (Fla. 2d DCA 1992) (employee's absence from work for one week to take care of a family emergency did not support the determination that she voluntarily left her employment); Campbell v. Department of Labor and Employment Security, 455 So.2d 569 (Fla. 1st DCA 1984) (employee's two-day absence to take care of a family emergency did not constitute misconduct); Howlett v. South Broward Hospital Tax District, 451 So.2d 976 (Fla. 4th DCA 1984) (employee was not guilty of misconduct when she was responding to a family emergency and had made reasonable efforts to keep her employer advised and to promptly return to her employment).
Had Foote defied his employer's orders by being absent for a family emergency, this outcome might be different. However here, Foote made diligent efforts to contact his supervisors and to keep them apprised of his *1234 situation. It was undisputed that no one indicated to Foote that his three days off for a family emergency constituted a problem. In fact, Foote was told that someone could be brought in to cover for him if need be and that he could take a whole week off if necessary. Under these circumstances, Foote's absences should not constitute misconduct. See Meyers v. Quality Extruded Products, Inc., 611 So.2d 54 (Fla. 3d DCA 1992) (employee who was informed that he no longer had a job following a leave of absence left work with good cause attributable to his employer and thus was entitled to unemployment benefits; the employer had failed to inform the worker of the terms of his leave of absence and thus the employee left, believing that his absence was excused); Keays v. Unemployment Appeals Commission, 592 So.2d 1255 (Fla. 2d DCA 1992) (employee who took a short leave-of-absence to attend to family problems could not be considered to have voluntarily left her employment where her employer was not explicit about its expectations as to when she should return to work and, in fact, led the employee to believe that her absence was excused).
Accordingly, we reverse the Commission's order and remand for payment of unemployment compensation to Foote.
REVERSED and REMANDED.
PETERSON, C.J., and DAUKSCH, J., concur.