709 So.2d 632 (1998)
Pollyanne RODRIGUEZ, Appellant,
v.
ARBY'S, INC., and Florida Unemployment Appeals Commission, Appellee.
No. 97-02179.
District Court of Appeal of Florida, Second District.
April 22, 1998.
Pollyanne Rodriguez, pro se.
William T. Moore, Tallahassee, for Appellee UAC.
BLUE, Judge.
Pollyanne Rodriguez appeals the Florida Unemployment Appeals Commission's decision to deny her unemployment compensation benefits based on a finding that she voluntarily left her employment at Arby's without good cause. Because the record does not support such a finding, we reverse.
Rodriguez was employed as a manager at an Arby's Restaurant and worked full-time until the due date of her pregnancy. She left work on an approved disability leave on September 16, 1996. Arby's admits that no agreement was reached as to the exact date Rodriguez was to return to work. Based on information contained in a letter received by Arby's from Rodriguez's doctor, the Arby's supervisor testified he expected Rodriguez to return to work on November 18. She failed to return on that date. On November 22, the supervisor sent Rodriguez a certified letter stating: "I will complete a separation report noting 11/17/96 as your last day of employment with Arby's Inc. as you have failed to return from your leave of absence."
Rodriguez's original determination letter from the Florida Department of Labor indicated she was entitled to unemployment compensation benefits because she was discharged for a reason other than misconduct. Arby's appealed. The only testimony and evidence submitted at the unemployment appeals hearing was from Rodriguez's supervisor, who testified he discharged Rodriguez for her failure to keep him apprised of the status of her leave and when she would return *633 to work. Rodriguez did not appear at the hearing. The unemployment appeals referee concluded Rodriguez voluntarily left employment at Arby's without good cause.
Arby's right to terminate Rodriguez is not at issue. See Keays v. Unemployment Appeals Comm'n, 592 So.2d 1255 (Fla. 2d DCA 1992). In this case, as in Keays, the appeals referee concluded the claimant voluntarily left employment and therefore unemployment compensation benefits were not available. That conclusion is not supported by the record before us.
When an employer fails to notify its employee that a leave of absence from employment is not acceptable and such failure leads the employee to believe the leave is excused, the employee's absence cannot support a finding that the employee voluntarily left employment for purpose of unemployment compensation benefits. See Meyers v. Quality Extruded Prods., Inc., 611 So.2d 54 (Fla. 3d DCA 1992). The employer has a duty to inform the employee of acceptable terms of leave; when the employer fails to inform the employee of the expected date of return, absence does not support a finding that the employee voluntarily left employment. See Goodman v. Engle Homes, Inc., 621 So.2d 523 (Fla. 4th DCA 1993).
Arby's did not make it clear to Rodriguez that she must either return to work or quit. See Keays, 592 So.2d at 1255 ("the claimant should be notified that continued absence is unacceptable, and the employee should be given a choice of termination or of returning to work"). Because Arby's failed to inform Rodriguez of clear terms for the approved leave of absence before terminating her employment, the UAC erred by finding she voluntarily left employment. The UAC's decision is reversed and Rodriguez's unemployment compensation reinstated.
Reversed and remanded.
CAMPBELL, A.C.J., and FULMER, J., concur.