COBB, J.
The central issue on this appeal is whether Michael Lewis’ behavior amounted to misconduct connected with work within the meaning of section 443.036(26), Florida Statutes (1997). Lewis worked as a sales supervisor for a soft drink distributor, Southeast Atlantic Corporation, and after more than five years on the job was terminated.
The Division of Unemployment Compensation found that Lewis was not entitled to benefits because “the claimant was discharged for a violation of company policy” and discharge was for “misconduct connected with work.” Lewis subsequently filed an appeal and during the hearing, the sales manager, Bill Tibbits, reported that Lewis failed to follow pricing procedures for Albertsons. Specifically, Tibbits claimed that Lewis failed to get permission to deviate from the standard pricing. In October of 1998, Tibbits had told Lewis that they were not to discount or solicit displays and they would have to maintain the standard pricing guidelines.
Lewis contended that the discount he approved was not for a “display” but was rather a charitable discount or contribution. Lewis additionally reported tl\at he did not think it was against policy since Tibbits was going to get back to him regarding the discount and he assumed it was in the works. According to Lewis, if Tibbits did hot give approval they could have stopped the order going in the next day. Ultimately, of course, Tibbits approved or authorized the discount.
The appeals referee found that Lewis authorized the discount for a customer without first obtaining approval from the sales manager and that Lewis’ own testimony reflected that he was aware he could not grant discounts for Albertsons without first obtaining that permission. The referee indicated that Lewis’ actions amounted to a deliberate violation of his duties and obligations to his employer. Lewis unsuccessfully appealed to the Unemployment Appeals Commission.
Lewis initially contends on appeal that there was confusion as to the policy since he believed at all times that the discounting was prohibited in conjunction with “displays,” but not in other situations such as charitable discounts. Additionally, Lewis maintains that it was not established that he did violate company policy and points out that Tibbits did, in fact, approve the discount the next day. In essence, Lewis believed that the October 1998 discussion related solely to display discounts.
Given Tibbits’ testimony, we find that an ambiguity exists as to whether the company policy in question was directed only to displays in Albertsons or involved *605 all discounts to Albertsons. Lewis’ testimony clearly establishes that he understood he was not to deviate from the standard pricing regarding discounting for displays with Albertsons. In any , event, there is nothing here to suggest a willful or wanton disregard of the company’s interest nor was there a deliberate violation of standards. Unemployment compensation law must be liberally construed in favor of claimants. Foote v. Unemployment Appeals Commission, 659 So.2d 1232, 1233 (Fla. 5th DCA 1995). In the instant case, the facts seem to indicate a classic Pascarelli[1] situation; an isolated instance of poor judgment.
Accordingly, we reverse and remand the cause to the Florida Unemployment Appeals Commission for a determination that Lewis is entitled to receive unemployment compensation for the period in question.
REVERSED AND REMANDED.
W. SHARP, and PLEUS, JJ., concur.

. Pascarelli v. Unemployment Appeals Commission, 664 So.2d 1089 (Fla. 5th DCA 1995).