PARKER, Acting Chief Judge.
Carroll K. Beck appeals the Unemployment Appeals Commission’s decision affirming the denial of benefits based on misconduct. Because we conclude that Beck’s actions did not constitute misconduct, we reverse.
The appeals referee affirmed the claims adjudicator’s finding of misconduct based solely on evidence of the motorcoach operator’s one-time failure to report a traffic violation which he incurred while he was off-duty. Beck correctly argues that his actions did not rise to the level of “misconduct” necessary to support a denial of benefits as required by section 443.036(29), Florida Statutes (Supp.1998).[1] “[C]ase law interpreting what conduct exhibits the willfulness, wantonness or extreme negligence required by the statute defining misconduct involves repeated instances of misconduct, or violations of explicit policies after warnings.” Bulkan v. Florida Unemploy *523 ment Appeals Comm’n, 648 So.2d 846, 848 (Fla. 4th DCA 1995). In this case, there was no evidence that Beck’s failure to report the traffic violation occurred after prior warnings by the employer. In fact, there was no evidence to contradict Beck’s assertion that he did not know that he was required to report traffic violations incurred while off-duty. Therefore, the appeals referee erred in determining that Beck’s actions constituted misconduct which would preclude unemployment benefits. See Freddo v. Unemployment Appeals Comm’n, 685 So.2d 874, 875 (Fla. 2d DCA 1996) (reversing the appeals referee’s finding of misconduct when the claimant violated a company policy which prohibited the solicitation of personal favors from subordinates, but did not know that such conduct would result in termination until he was terminated); Lewis v. Unemployment Appeals Comm’n, 757 So.2d 603, 605 (Fla. 5th DCA 2000) (reversing the appeals referee’s finding of misconduct when the claimant violated a company policy prohibiting employees from discounting displays and the claimant testified that he thought the discount he approved was not for a display, but for a charity).
Reversed and remanded.
WHATLEY, J., and DANAHY, PAUL W., (Senior) Judge, Concur.

. Section 443.036(29), Florida Statutes (Supp.1998), provides:
(29) MISCONDUCT. — "Misconduct” includes, but is not limited to, the following, which shall not be construed in pari mate-ria with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee’s duties and obligations to his or her employer.