842 So.2d 312 (2003)
Karen B. VANEK, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 5D02-2373.
District Court of Appeal of Florida, Fifth District.
April 17, 2003.
Karen B. Vanek, Ocoee, pro se.
No Appearance for Appellee.
PLEUS, J.
Vanek appeals a final order of the Unemployment Appeals Commission ("UAC") reversing the decision of the appeals referee who granted her unemployment benefits. We reverse.
*313 Vanek filed a claim for unemployment benefits, which was denied after it was determined that she quit her job without good cause. Vanek appealed that decision and a hearing was held before an appeals referee. At the hearing, Raymond Burton testified as a representative of The Pantry, Inc., Vanek's former employer. Burton stated that Vanek was a sales associate who last worked on Thursday, February 14, 2002. He confirmed that Vanek was scheduled to work the week of February 15 to 21, 2002. Burton stated that on February 21, "we discharged her because we had not heard from her."
Virginia Calhoun, the store manager, testified that Vanek came in around 10 p.m. on February 14, but left shortly after midnight saying she did not feel well. Calhoun scheduled Vanek to work the week of February 15 to 21 and "terminated her because she didn't show up." On cross-examination, Calhoun denied receiving a phone message on February 15 asking her to return Vanek's phone call.
Vanek testified on her last night of work, she went home in the middle of her shift because she felt sick. She told Barbara, the assistant manager trainee, she had to leave. Barbara responded, "I cannot guarantee you will have a job if you leave." Vanek went home sick, but called the store the next day and left a message for the manager to call her back. When she did not hear back from the manager, she believed she had been fired. On cross-examination, Vanek admitted she did not think an assistant manager trainee had the power to fire her, but stated that was why she called the next day to speak to the manager. The appeals referee found that Vanek was entitled to receive unemployment benefits on the grounds that she had been terminated from her employment for reasons other than misconduct. The UAC reversed the decision of the appeals referee holding that it was not reasonable for Vanek to believe that she was fired based on the statement of the assistant manager trainee. Instead, the UAC found that the evidence demonstrated that Vanek voluntarily quit without good cause.
On appeal, Vanek argues that she was fired and did not quit. Whether an employee has left voluntarily and without good cause is a question of fact within the province of the appeals referee. See Grossman v. Jewish Center of Greater Fort Lauderdale, Inc., 704 So.2d 714 (Fla. 4th DCA 1998); Verner v. Unemployment Appeals Com'n, 474 So.2d 909 (Fla. 2d DCA 1985). If there was competent, substantial evidence to support the referee's finding, the UAC should have affirmed. See Volk v. Florida Unemployment Appeals Com'n, 673 So.2d 574 (Fla. 4th DCA 1996) (holding that "while an agency may reject conclusions of law without limitation, neither an administrative agency nor a reviewing court may reject an administrative hearing officer's findings of fact as long as those findings are supported by competent, substantial evidence in the record"); see also Anderson v. Unemployment Appeals Com'n, 822 So.2d 563 (Fla. 5th DCA 2002).
We find competent, substantial evidence to support the referee's findings. Both Burton and Calhoun testified Vanek was fired. Vanek testified she did not quit, but instead thought she had been fired when her manager did not return her call. After hearing this testimony, the referee concluded that Vanek was fired and that her belief she had been fired was reasonable based on the fact that the manager did not return her call.
The UAC reweighed this evidence, concluding that Vanek's belief that she had been fired was unreasonable because she knew the assistant manager trainee did not have the authority to fire her. That *314 was not the basis for the referee's decision. Instead, Vanek testified she did not rely on the statement of the assistant manager in training, but called the store the next day and left a message for the manager to call her. Only when the manager did not return her call did she believe she had been fired. That is the evidence on which the referee based his decision.
As for the referee's conclusion that the termination was not due to misconduct, the UAC does not challenge this finding since they concluded that Vanek quit. The referee's conclusion appears to be correct. He cited Mason v. Load King Mfg. Co., 758 So.2d 649, 654 (Fla.2000), which held that the employer must prove a "serious and identifiable pattern of excessive absenteeism." There was no such proof in this case. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SAWAYA and TORPY, JJ., concur.