873 So.2d 1256 (2004)
Juanita FILLMORE, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and La Petite Academy Inc., Appellees.
No. 1D03-2142.
District Court of Appeal of Florida, First District.
May 28, 2004.
Juanita Fillmore, pro se, appellant.
Geri Atkinson-Hazelton, General Counsel, and John D. Maher, Deputy General Counsel, Unemployment Appeals Commission, Tallahassee, for appellees.
DAVIS, J.
Appellant seeks review of an order of the Unemployment Appeals Commission (UAC) which affirmed an appeals referee's determination that appellant was disqualified from receiving unemployment benefits. We affirm.
The appeals referee determined that appellant left her employment voluntarily without good cause attributable to the employer. See Brown v. Unemployment Appeals Comm'n, 820 So.2d 457 (Fla. 5th DCA 2002)(stating that whether an employee left employment voluntarily and whether the leaving was without good cause are questions of fact). The issue on appeal is whether the referee's findings of fact are supported by competent, substantial evidence. If there is competent, substantial evidence in the record, although there may be evidence to support a contrary finding, this court must affirm. Id. at 458.
Appellant was employed as a morning pre-school teacher and had additional duties as an afternoon van driver and after-school teacher. On the day in question, appellant was dealing with an unruly child in her pre-school class. Instead of taking the child to the school director's office as required by the employer's procedures, appellant marched all the children in her class to the director's office and announced that she was going home. Appellant then made comments about the unruly child in front of the other children and, when told that the comments were inappropriate, appellant stated that she was leaving. Appellant left the children in the director's office and returned to her classroom. The director sent an employee to ask appellant if she was coming back and appellant stated that she did not know.
*1257 She then left the school premises. Appellant was never given permission to leave by the director. The director had to arrange for another teacher to take over appellant's pre-school class, for another driver to take her afternoon van route and for another teacher to take her after-school class.
Because there was competent, substantial evidence for the determination that appellant left her employment voluntarily without good cause attributable to the employer, appellant was properly disqualified from receiving unemployment benefits. See § 443.101(1)(a), Fla. Stat. (2002); Smith v. Unemployment Appeals Comm'n, 823 So.2d 873, 874 (Fla. 5th DCA 2002). Accordingly, the ruling of the UAC is AFFIRMED.
BROWNING, J., concurs; ERVIN, J., dissents with written opinion.
ERVIN, J., dissenting.
Omitted from the majority's, the Commission's, and the appeal referee's recital of facts are certain additional facts, also supported by the record, which were outlined in Commission Chairman Forst's dissenting opinion. In Chairman Forst's review of the evidence, with which I agree, he considered that the case involved a miscommunication between the claimant and the employer's director. Chairman Forst noted that when confronted with problems controlling one of her pre-school students, claimant acted appropriately by reporting the situation to the director and informing the director that she would rather go home than continue to deal with the difficult child in her classroom. Chairman Forst then set out the following critical facts:
The employer did not respond to this situation by informing the claimant that she could not leave for that day, and that by doing so she was surrendering her job. Instead, the employer's director merely informed the claimant that she had to "do what's best." The claimant then left her students with the director, straightened up her room in a manner consistent with one leaving for the day, rather than one quitting a job, and went home, returning to work the following day. As such, the employer did not convey the message that a reasonable person would understand to be that leaving work early that day would constitute a quit; nor did the claimant convey the message that her leaving early that day was a resignation from her job.
In reaching its decision to affirm, the Commission ignored a large body of case law recognizing if an employer fails to inform an employee that absence from employment is not acceptable, and such failure leads the employee to believe that the absence is excusable, the worker's absence cannot support a finding that he or she voluntarily left employment without good cause attributable to the employer so as to preclude the payment of unemployment compensation (UC) benefits. See Rodriguez v. Arby's, Inc., 709 So.2d 632 (Fla. 2d DCA 1998); Goodman v. Engle Homes, Inc., 621 So.2d 523 (Fla. 4th DCA 1993); Meyers v. Quality Extruded Prods., Inc., 611 So.2d 54 (Fla. 3d DCA 1992); Keays v. State Unemployment Appeals Comm'n, 592 So.2d 1255 (Fla. 2d DCA 1992). The above rule is no doubt derived from the statutory canon of construction instructing that the UC Law, being remedial legislation, is to be liberally construed in favor of the claimant, and its disqualification provisions, narrowly interpreted. See Mason v. Load King Mfg. Co., 758 So.2d 649 (Fla. 2000); Langley v. Unemployment Appeals Comm'n, 444 So.2d 518 (Fla. 1st DCA 1984).
*1258 The determination of whether an employee's absence from work constitutes a voluntary separation from employment, thereby disqualifying him or her from UC benefits, turns as much on the de novo review standard as it does on that of competent, substantial evidence; it is a mixed question of both law and fact. For example, in Goodman, 621 So.2d at 524, the court made the following pertinent observation: "We disagree with the UAC's conclusion that a bona fide leave of absence for purposes of unemployment compensation law requires that the employer and employee agree upon a specific term for the leave." (Emphasis added.) In Arby's, the court applied the rule adopted in Keays, stating that a duty is initially placed on the employer to inform the employee of acceptable terms of leave, and if no such communication is conveyed, the worker's absence cannot support a finding that the employee voluntarily left work. Arby's, 709 So.2d at 633.
In the present case, because the employer failed in its duty to convey to claimant a communication that any reasonable person would understand to mean that leaving work early would be considered a resignation from employment, competent, substantial evidence cannot as a matter of law support the determination that claimant was disqualified from receiving UC benefits. I would therefore REVERSE the order of denial and REMAND the case with directions that the requested benefits be awarded.