897 So.2d 512 (2005)
Jaime MILLER, Appellant,
v.
AMERICA'S BEST PAINTING & WATERPROOFING, INC. and the Florida Unemployment Appeals Commission, Appellees.
No. 3D03-3209.
District Court of Appeal of Florida, Third District.
March 2, 2005.
Mark J. Berkowitz (Ft. Lauderdale), for appellant.
*513 John D. Maher, Tallahassee, for appellee Unemployment Appeals Commission.
Before LEVY, C.J., and GERSTEN, and CORTINAS, JJ.
CORTIÑAS, Judge.
We affirm a final order of the Unemployment Appeals Commission disqualifying the claimant from receiving unemployment benefits for voluntarily leaving employment without good cause.
Section 443.101(1)(a), Florida Statutes (2002), provides that a claimant who has voluntarily left work without good cause shall be disqualified from receiving unemployment benefits. The statute defines "good cause" as "only such cause as is attributable to the employing unit or which consists of illness or disability of the individual requiring separation from his or her work." § 443.101(1)(a)(1), Fla. Stat. (2002).
The facts in this case are similar to those in Nofrio v. Department of Labor & Employment Security, 442 So.2d 268 (Fla. 2d DCA 1983), where the claimant informed her employer that she would be taking a vacation trip of several months duration without an explicit understanding and assurance that her job would remain open. Under such circumstances, the court found that the employee voluntarily left her job without good cause and affirmed the denial of unemployment benefits. Nofrio, 442 So.2d at 269.
Similarly, without an explicit understanding between the claimant and his employer, the claimant in this case announced that he was leaving and did so for six to eight weeks. Thereafter, the claimant advised his employer that he had returned from his "vacation," but was advised from his employer that his job had been filled. The record in this case supports the appeals referee's determination that the claimant voluntarily left his work without good cause attributable to his employer. § 443.101(1)(a), Fla. Stat. (2002); King v. Florida Unemployment Appeals Comm'n, 763 So.2d 1151 (Fla. 4th DCA 2000); Nofrio, 442 So.2d at 269. Accordingly, we affirm the Unemployment Appeals Commission's order denying benefits.
Affirmed.