PER CURIAM.
Shelley Reedy appeals the final order of the Unemployment Appeals Commission, which reversed the appeals referee’s award of unemployment benefits. Because there was competent, substantial evidence supporting the referee’s decision that Reedy left her job with Waste Management, Inc., of Florida, for good cause attributable to the employer, we reverse.
Reedy was working as a customer service representative for Waste Management when the company hired a new supervisor. Customer service representatives needed supervisory contact and approval in order to respond to certain calls, but Reedy’s team leader was unable to provide enough assistance because she was working with the new supervisor. Reedy began to fall behind in handling customer phone calls, and this caused her increasing distress, although her evaluations were consistently positive and she was never written up for poor job performance. Her physician told her that the chest pains and headaches she reported were related to anxiety caused by the job stress. Reedy spoke about this problem five times with both the team leader and the new supervisor but nothing changed. After a vacation, Reedy called the employer and said her health situation had improved during the time off and she would not be returning to work.
Based upon this evidence, the appeals referee concluded that Reedy left her job “due to lack of assistance, training, *1037 and support,” which was “quitting with good cause attributable to the employer,” and thus she was entitled to benefits. The Commission reversed, concluding that the referee’s decision was not supported by competent, substantial evidence because the record showed that although Reedy asked for but did not receive the help she needed, she “abruptly resigned” without notice, which did not meet the required standard of reasonableness. The Commission observed that the employer had never reprimanded Reedy for poor job performance and that her job was never in jeopardy based upon the backlog of unanswered customer service requests. In addition, Reedy did not notify her employer that she had a job-related medical condition that required her to leave her job.
An employee who voluntarily leaves a job cannot receive unemployment compensation benefits unless it is shown that he or she left for good cause attributable to the employer or for illness or disability requiring separation from work. Howell & O’Neal v. Unemployment Appeals Commission, 934 So.2d 570, 575 (Fla. 1st DCA 2006). “Good cause” is a circumstance that would reasonably impel an average, able-bodied, qualified worker to give up his or her position. Id.; Presnell v. Unemployment Appeals Commission, 1 So.3d 1113 (Fla. 5th DCA 2009); Mattice v. Unemployment Appeals Commission, 992 So.2d 428 (Fla. 4th DCA 2008). An appeals referee’s determination that the employee left work with or without good cause is a finding of fact that is presumed correct and should be affirmed unless there is no competent, substantial evidence for the finding. See, e.g., Fillmore v. Unemployment Appeals Commission, 873 So.2d 1256 (Fla. 1st DCA 2004); Price v. Unemployment Appeals Commission, 11 So.3d 461 (Fla. 5th DCA 2009).
The appeals referee found that Reedy’s job had become extremely stressful to her and that she repeatedly spoke with the employer about the need for “assistance, training, and support” but that the situation did not improve. These findings are amply supported by Reedy’s testimony, and the employer’s witness, Reedy’s supervisor, did not contradict any of it. Contrary to the Commission’s order, the appeals referee did not find that Reedy had a medical condition that required separation from the job, but instead that she was having headaches and anxiety that resolved when she was on vacation, which factored into her decision to leave the job.
Because the record supports the factual findings of the appeals referee that Reedy left her job for good cause attributable to the employer, we reverse and remand with directions to the Commission to award the requested benefits.
WOLF, PADOVANO, and THOMAS, JJ., concur.