PER CURIAM.
 

 Claimant, Rachel Wisely, appeals an order of the Unemployment Appeals Commission (UAC), reversing the determination of the appeals referee that she was entitled to unemployment benefits. We reverse.
 

 The appeals referee found that Claimant submitted a leave of absence to her employer to deliver her baby. The referee found that, after giving birth, Claimant called her supervisor on two occasions seeking work, but he told her that there were no hours available. The referee concluded that Claimant was discharged due to the lack of available work and that she should receive unemployment compensation benefits. On appeal, the UAC reversed the referee’s determination by finding that Claimant did not go on a bona fide leave of absence because she never advised her supervisor of a specific return date. The UAC concluded that Claimant failed to make' a reasonable effort to preserve her employment and determined that Claimant was not entitled to benefits.
 

 We disagree with the UAC’s conclusion that a leave of absence requires the employer and the employee to agree upon a specific term for the leave.
 

 When an employer fails to notify its employee that a leave of absence from employment is not acceptable and such failure leads the employee to believe the leave is excused, the employee’s absence cannot support a finding that the employee voluntarily left employment for purpose of unemployment compensation benefits.
 
 See Meyers v. Quality Extruded Prods., Inc.,
 
 611 So.2d 54 (Fla. 3d DCA 1992). The employer has a duty to inform the employee of acceptable terms of leave; when the employer fails to inform the employee of the expected date of return, absence does not support a finding that the employee vol
 
 *120
 
 untarily left employment.
 
 See Goodman v. Engle Homes, Inc.,
 
 621 So.2d 523 (Fla. 4th DCA 1993).
 

 Rodriguez v. Arby’s, Inc.,
 
 709 So.2d 632, 633 (Fla. 2d DCA 1998). Thus, it was not incumbent on Claimant to set a specific return date. Because her supervisor failed to inform Claimant of the terms of the approved leave before terminating her, the UAC erred in concluding that Claimant voluntarily left her employment.
 

 The order of the UAC is REVERSED and REMANDED with directions to award Claimant unemployment compensation benefits.
 

 DAVIS, CLARK, and ROWE, JJ„ concur.