PALMER, J.
 

 Roger Taylor timely appeals the order entered by the Unemployment Appeals Commission (UAC) ruling that he is ineligible to receive unemployment compensation benefits. Determining that the UAC improperly reweighed the evidence and substituted its judgment for that of the appeals referee, and that there was competent substantial evidence to support the appeals referee’s finding that Taylor was qualified to receive benefits, we reverse.
 

 Taylor applied for and received unemployment compensation benefits after he was terminated from his employment as a salesperson for a retail furniture store, Discount Furniture Mart, Inc. (DFM). The claims adjudicator determined that Taylor was eligible for benefits because he was terminated for reasons other than misconduct connected with his work. DFM appealed the decision.
 

 The appeals referee conducted a hearing. The only evidence presented was the testimony of Kenneth Smith, the owner of DFM. Smith testified that Taylor’s last day of work was June 21, 2010. On that day, Taylor gave Smith a doctor’s note that stated that Taylor would have to miss work due to an undisclosed health issue and that he would be able to return to work on June 28, 2010, if he were feeling better. Then, on July 2, 2010, Taylor gave Smith a second doctor’s note stating that he would not be able to resume work until further notice due to the undisclosed health issue. After not hearing anything more from Taylor, Smith terminated Taylor’s employment on July 25, 2010. Smith said that he terminated Taylor’s employment because his return to work was un-determinable and Smith needed to fill the position. The appeals referee issued findings of fact that were consistent with Smith’s testimony, but nevertheless ruled in favor of Taylor. The appeals referee reasoned that, since Taylor was discharged, the burden of proof was on DFM to prove misconduct by a preponderance of the evidence.
 
 See Lewis v. Unemployment App. Comm’n,
 
 498 So.2d 608 (Fla. 5th DCA 1986). Furthermore, because Taylor was unable to inform DFM of when he would be able to return to work, his failure to do so did not constitute misconduct.
 

 DFM appealed the appeals referee’s ruling to the UAC. Upon review, the UAC reversed, finding that the appeals referee’s ruling was not based on competent substantial evidence. We disagree.
 

 Section 443.101(1), Florida Statutes (June-July 2010), provides:
 

 443.101. Disqualification for benefits
 

 An individual shall be disqualified for benefits:
 

 (l)(a) For the week in which he or she has voluntarily left work without good cause attributable to his or her employing unit or in which the individual has been discharged by the employing unit for misconduct connected with his or her work....
 

 1.... [T]he term “good cause” includes only that cause attributable to the employing unit or which consists of the individual’s illness or disability requiring separation from his or her work.
 

 In
 
 Vanek v. Unemployment Appeals Commission,
 
 842 So.2d 312, 313 (Fla. 5th DCA 2003), we held that the determination of “[wjhether an employee has left voluntarily and without good cause is a question of fact within the province of the appeals
 
 *1236
 
 referee,” and that if there is “competent, substantial evidence to support the referee’s finding,” the UAC should affirm.
 

 Here, the UAC found that there was no competent substantial evidence to show that Taylor’s health prevented him from working or that Taylor had requested a leave of absence. In addition, the UAC found that the evidence showed that Taylor either quit his job or had been discharged for abandoning his employment. The UAC ruled that DFM met its initial burden of proving that Taylor quit his job and that once DFM met that burden, it became Taylor’s burden to show that he left for good cause. Since Taylor did not participate in the hearing, the UAC found that he either quit his job or was discharged for abandoning his job, and thus was ineligible to receive benefits.
 

 In
 
 Rodriguez v. Arby’s, Inc.,
 
 709 So.2d 632 (Fla. 2d DCA 1998), the claimant worked up until the due date of her pregnancy and then took a leave of absence, approved by the employer. The claimant’s supervisor received a letter from the claimant’s doctor that led him to believe that the claimant would return to work on November 18. When claimant did not return to work on that day, the employer terminated her employment for failing to return from her leave of absence and for failing to apprise the employer of the status of her leave of absence. The UAC concluded that the claimant was not entitled to receive unemployment benefits because she voluntarily left her employment without good cause. However, upon review, the Second District reversed, concluding that the claimant did not quit her job since the employer did not notify her that her leave of absence was unacceptable. The court reasoned:
 

 When an employer fails to notify its employee that a leave of absence from employment is not acceptable and such failure leads the employee to believe the leave is excused, the employee’s absence cannot support a finding that the employee voluntarily left employment for purpose[s] of unemployment compensation benefits.
 
 See Meyers v. Quality Extruded Prods., Inc.,
 
 611 So.2d 54 (Fla. 3d DCA 1992). The employer has a duty to inform the employee of acceptable terms of leave; when the employer fails to inform the employee of the expected date of return, absence does not support a finding that the employee voluntarily left employment.
 

 Id.
 
 at 633.
 

 Similarly, here the evidence demonstrated that DFM did not inform Taylor of the acceptable terms of his leave or the expected date of his return. Therefore, Taylor did not voluntarily leave his employment. Accordingly, Taylor is entitled to receive unemployment compensation benefits.
 
 See also Wisely v. Fla. Unemployment App. Comm’n, 78
 
 So.3d 118 (Fla. 1st DCA 2012).
 

 REVERSED and REMANDED.
 

 MONACO and SAWAYA, JJ., concur.